ARKANSAS AMUSEMENT ASSOCIATION *v.* HIGGINS.

Opinion delivered November 21, 1910.

CORPORATION—LIABILITY.—Where a corporation permits its manager to operate a business in its name, and receives the benefits and enjoys the fruit of such business, it will be liable for debts incurred by the manager for the benefit of such business.

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

*E. W. Rector,* for appellant.

Appellant is not liable because (1) the proof shows that R. G. Daniels bought and owned the Majestic Theater individually; (2) that he did not contract this debt in the name of the appellant; (3) it does not show that the by-laws or minutes of the corporation gave him any authority to purchase and

operate theaters for appellant, or (4) that it held him out as having such authority.  62 Ark. 42.

*Calvin T. Cotham,* for appellee.

1.  The defense of want of authority on the part of the agent should have been pleaded in the lower court.  This is a defense which must be specifically pleaded and proved.  80 Ark. 65; 10 Cyc. 1156; 6 Thompson, Corp. § § 7617, 7619 and cases cited.

2.  Power to issue negotiable paper does not arise in this case, and 62 Ark. 42, relied on by appellant does not apply.  The work which appellee had done was within not only the apparent, but also the actual scope of his authority.  10 Cyc. 903, 905, 909-10; 62 Ark. 7; 67 Ark. 542; Mecham on Agency, § § 280, 281, 282, 283.

McCULLOCH, C. J.  This is an action instituted by Henry Higgins, who is a carpenter, against defendant, the Arkansas Amusement Association, on account for $216.46, alleged to be due plaintiff for work done about a building in the city of Hot Springs, known as the Majestic Theater.  Plaintiff recovered judgment below, and defendant appeals.  The only contention made in the argument here is that the testimony is insufficient to sustain the verdict.

Defendant is a domestic corporation, organized for the purpose of operating places of amusement, such as moving picture shows and vaudeville theaters.  R. G. Daniels was president of the corporation, and managed the business, being held out upon the printed literature as president and general manager, and as such operated two places of amusement in Hot Springs, one known as the Orpheum Theater, and the other as the Lyceum Theater.  The general office of the company was maintained in one of the office buildings in the city, with a sign displayed showing Daniels to be general manager.  · The operation and management of the Majestic Theater was also taken over, and Daniels employed plaintiff Higgins to do a lot of work in and about the building.  He had previously done work at the instance of Daniels at the Orpheum Theater, which had been paid for by defendant company.  The evidence is clear that the Majestic Theater was operated in the name of the defendant company, and all the printed literature, such as programs, tickets,

etc., contained the name of the defendant association. The door receipts during the time the theater was operated were taken to the general office of the company and there mingled with its funds.

We are of the opinion that this proof warranted the jury in finding that the defendant had permitted itself to be held out as the owner and operator of the Majestic Theater, and that Daniels was its general manager, with authority to do all that was necessary in conducting the business undertaken. The evidence warrants the conclusion that all the other stockholders knew, or should have known, that Daniels was operating the Majestic Theater in the name of the company, though it is claimed now, and testimony was introduced tending to show, that in fact the Majestic Theater was a private enterprise of Daniels himself.

With the facts thus found, it needs no citation of authority to show that the corporation is liable for debts incurred by Daniels under those circumstances. The company not only permitted Daniels to conduct the business in its name, but it also received the benefits and enjoyed the fruits of the enterprise. Therefore, it was responsible for the debts incurred.

There was also evidence sufficient to sustain the attachment issued in the cause.

Judgment affirmed.