CO-OPERATIVE STORES COMPANY *v.* MARIANNA HOTEL COMPANY.

Opinion delivered March 26, 1917.

1.  APPEAL AND ERROR—FAILURE TO PLEAD DEFENSE—PRINCIPAL AND AGENT.—A principal, when sued in an action growing out of the acts of his agent, can not avail himself of his agent's lack of authority, where he failed to plead that lack of authority in his answer.

2.  PRINCIPAL AND AGENT—ACTS OF GENERAL MANAGER OF A CORPORATION.—A corporation will be liable for the Acts of its general agent done within the apparent scope of his authority.

3.  Principal and Agent—Unauthorized Act of Agent—Liability of
    Corporate Principal—Acceptance of Benefits.—Where a corpora-
    tion accepts the benefits of an unauthorized act of its agent, it im-
    pliedly ratifies the unauthorized act, if the same is one capable of
    ratification by parol.

4.  Landlord and Tenant—Breach by Tenant—Duty of Landlord.—
    Where a tenant abandons his lease, it is the duty of the landlord to
    use reasonable diligence to re-lease the premises, in order to reduce
    the damages.

Appeal from Lee Circuit Court; *J. M. Jackson,*
Judge; affirmed.

*H. F. Roleson,* for appellant.

1.  The evidence, if legally admissible, is not
sufficient to sustain the verdict. No authority in
Morris was shown to make the lease or ratify it. The
proof only shows that Morris was general manager.
A verdict should have been instructed for defendant.

2.  The testimony of Dudley and Pate in the
motion for new trial was not legally admissible to show
that Morris was the general manager.

3.  The court erred in giving and refusing instruc-
tions, and such error was prejudicial. 105 Ark. 111,
114; 92 *Id.* 315; 104 *Id.* 150.

*Daggett & Daggett,* for appellee.

1.  Appellant not having specially plead want of
power in itself to make the contract, or want of power
in its agent Morris to bind it, can not avail itself of that
defense. 80 Ark. 65; 6 Thompson on Corp., § 7617;
7 R. C. L., § 628; 89 Ark. 435.

2.  Appellant held out Morris as its general
manager and is bound by his acts. 96 Ark. 493; 79 *Id.*
338; 89 *Id.* 435.

3.  Having accepted the benefits of the contract
and paid rent thereunder, appellant is estopped to
deny liability. 7 R. C. L., §§ 663, 666-7.

There is no error in either giving or refusing
instructions.

STATEMENT BY THE COURT.

The Co-operative Stores Company, hereafter for convenience called Stores Company, is a Tennessee corporation, having its domicile in the city of Memphis, and is engaged in the sale of groceries. The Marianna Hotel Company is an Arkansas corporation, having its situs at Marianna, Arkansas. The Stores Company furnished groceries for sale to one of its branches located at Marianna, Arkansas.

The Hotel Company instituted this suit against the Stores Company and one Dudley and Ollie Pate, alleging that it rented a store house located in the southeast corner of its hotel building to the Stores Company for a period of one year for the sum of $300.00, to be paid monthly at the rate of $25.00 per month; that the Stores Company took possession and paid rents for four months, and after that time it refused to pay the rent and abandoned the contract, to the damage of the hotel company in the sum of $200.00, for which it prayed judgment.

The answer denied the contract and denied that it was indebted to the plaintiff in any sum.

The testimony tended to show that on the 15th of December, 1914, R. L. Dudley came to Marianna and was the local manager there of the Stores Company; that Morris was the general manager of the Stores Company in Tennessee; that Morris authorized Dudley to rent the store for a year. The Stores Company occupied the building for four months, until the 15th of April, when it vacated it because it had sold out to S. D. Johnson. In the business of the Stores Company each store sends in to the general office at Memphis a daily report and sends a check for the amount of goods sold. The Stores Company furnishes each store the goods to sell. Dudley did not know whether Morris had authority to make the lease or not. Dudley had stock in the company, and he bought the stock from Morris and paid the money to him. He bought the stock from the corporation, but Morris was the man he had the

dealings with. Morris was the general manager. Morris told Dudley to come to Marianna and authorized him to rent a building for a year and pay the rent in advance. Dudley was not doing business at Marianna for himself, but for the Stores Company. He was a partner in the business and had an interest in it and was supposed to get a salary and a per cent. of the profits. In his trade with the Stores Company they were liable for the rent. Dudley was not personally liable. He got his salary and was not liable for any loss except as a stockholder in the company. He put $2,000.00 in the Stores Company and they shared in the profits and losses of the business. The business was sold to one Johnson for cash.

After the suit was filed the Hotel Company rented the building for the months of October and November, 1915, and at the trial admitted the collection of rent for those two months and reduced its claim to $150.00.

The court instructed the jury, in substance, that if they found from the evidence that Morris was the general manager of the Stores Company and authorized the making of the lease, and that afterward the defendant company accepted the benefits accruing under such lease and paid the rents on the building, that it could not deny the authority of Morris to bind the corporation, and that its act in accepting the building, retaining the same and paying the rents thereon would be a ratification of the acts of their agent Dudley in renting the building.

It further instructed the jury that before they were authorized to find for the Hotel Company they must find from a preponderance of the evidence that Morris was the general manager of the Stores Company and had authority to make the lease in question, or held himself out as representing the Stores Company as general manager.

The court refused prayers for instructions on the part of the appellant, in effect telling the jury that unless they found from the evidence that the making of the

lease contract for one year was expressly authorized by the Stores Company through one who had the authority to authorize such contract, then it must appear from the testimony that the lease for a year was necessary in order to promote the interest of the Stores Company and for the carrying out of the business of such company, and that it was not sufficient that the Act of the agent was advantageous to or convenient for the principal, or even effectual in transacting the business; that it must appear from the evidence that Morris had authority to authorize the making of the contract, and that the burden was on the Hotel Company to establish such authority; that if they found from the evidence that the Hotel Company, or its lessee, after the abandonment of the same by the Stores Company, used the store room for a sample room the burden would be on the Hotel Company to show the extent of such use and the Stores Company would be entitled to credit for a reasonable amount therefor, and unless the Hotel Company could show the exact use to which the store was put after the abandonment it was not entitled to recover.

There was a verdict and judgment in favor of the Hotel Company in the sum of $150.00.

WOOD, J. (after stating the facts).

(1)  The answer contained only a general denial of the contract and the indebtedness.  It does not raise the issue of the agency of Morris or of his authority to make the contract.  The answer did not deny that appellant was a corporation.  On the contrary, it expressly admitted that it was a corporation.  So the only issue tendered by the answer was as to whether or not there was a contract and an indebtedness.

The uncontradicted evidence on the part of the appellee was to the effect that Morris was the general manager of the appellant and that as such he authorized the contract upon which the suit was instituted.  The undisputed evidence also shows that Dudley, as local agent and manager of the appellant, went into posses-

sion of the store under the contract and occupied the same for a period of four months and then sold out the business and abandoned its contract.   Upon the issues thus made by the pleadings and the undisputed evidence, the instructions of the court were correct.   The appellant having tendered no issue as to the authority of its agent to make the contract, it was not entitled to have such issue presented to the jury in its prayers for instructions.

In *Simon* v. *Calfee*, 80 Ark. 65, 67, we said: "But a corporation can not avail itself of a want of power or lack of authority of its officers to bind it unless the defense is made on such grounds."   See also 6 Thompson on Corporations, sec. 7617.

The name "Co-operative Stores" is suggestive of the business that the undisputed evidence shows that appellant was engaged in, that of conducting co-operative stores, and that Morris was the general manager and authorized Dudley, the local manager to enter into the contract with the appellee.   Even if the authority of Morris or Dudley had been challenged, and even if it had been shown that they had no express authority to make such contract, still the making of such contract was within the apparent scope of the authority of such agents, and the company would be bound by such contract.

(2)   In 7 R. C. L., p. 628, it is said: "At the present time the general business of corporations is frequently entrusted to the management of a general manager and it is well recognized that the corporation is bound by the acts of such manager within the apparent scope of his authority."   Again, "the manager or superintendent of a department stands in the same relation to his department as does the general manager or superintendent to the general affairs of the corporation and the corporation is liable for his acts within the apparent scope of his authority."

(3)   The appellee having shown that Morris was the general manager of the appellant, and that the

contract was made under his direction, it will not be presumed that as general manager he made the contract without authority from his company to do so. See *Walnut Ridge Merc. Co.* v. *Cohn,* 79 Ark. 338, 345. Moreover, even if it had been shown that Morris and Dudley were without authority to make the contract, nevertheless the undisputed evidence shows that the appellant knew of the lease and accepted the benefits thereof, having transacted its business in the store under the contract for four months, when it sold out to another. Under these circumstances the appellant was undoubtedly liable for the indebtedness incurred under this contract. See *Arkansas Amusement Co.* v. *Higgins,* 96 Ark. 493.

In 7 R. C. L., sec. 667, it is said: "As a general rule if a corporation with knowledge of its agent's unauthorized act received and enjoys the benefits thereof, it impliedly ratifies the unauthorized act if it is one capable of ratification by parol."

(4) The appellant contends that after the store room was abandoned by appellant the appellee made no effort to lease it, but that the store nevertheless was occupied by appellee's tenant. The president of the Hotel Company testified that since the appellant vacated the store appellee had received rent for it for the months of October and November, 1915; that it was vacant the balance of the time; that he did not have an opportunity to rent it before the fall season came on. He made no special effort to rent the building until he rented it to the tenant in the fall.

On this branch of the case the court instructed the jury that if they found from the evidence that the defendant abandoned the store in April, 1915, it would be the duty of the plaintiff to use reasonable diligence to lease the building; that before it can recover, plaintiff must show that it exercised such diligence. The appellant asked the court to instruct the jury that if the store room was used by the Hotel Company, or its lessee with its consent, for any purpose, the duty de-

volved upon the Hotel Company to show accurately the amount received and the exact use to which the store was put or it could not recover. The court refused this prayer.

There was no error in the ruling of the court on this branch of the case. The testimony tended to prove that the appellee rented the building as soon as practicable after appellant vacated the same, and there was no evidence tending to prove that the building was occupied by the appellee or any one with its consent until it was rented by appellee in the fall for the months of October and November, and appellant got the benefit of a reduction of appellee's claim for these two months.

The judgment is in all things correct, and it is therefore affirmed.

