MITCHELL *v.* OZAN-GRAYSONIA LUMBER COMPANY.

## Opinion delivered December 5, 1921.

NEGLIGENCE—CARE AS TO LICENSEES.—One who, for his own pleasure merely, undertakes to use a private passage-way over another's premises is a mere licensee, and takes his license with its accompanying perils.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; affirmed.

*J. O. A. Bush,* for appellants.

The defendant is liable under every element of the rule announced by the court in the case of *Alfrey Heading Company* v. *Nichols,* 139 Ark. 467. On the question of invitation or inducement, see 20 R. C. L., 57, § 52; *Id.* 65, § 57. There was no notice of the extra danger created by the temporary beam. 89 Ark. 128. Plaintiff was going to the office of defendant for the purpose of selling a load of watermelons,—on business with the company—and he comes within the rule of an invited customer. 104 Ark. 243.

Contributory negligence does not enter into this case. In any event it could not be imputed to plaintiff's wife, who had nothing to do with driving the wagon, and no control over its management. 72 Ark. 572; 100 *Id.* 76; 90 *Id.* 485; 88 *Id.* 484; 59 *Id.* 480; 38 L. R. A. (N. S.) 754; 20 R. C. L. 158, § 132.

*Tompkins, McRae & Tompkins,* for appellee.

The undisputed facts, viz., that a few months before the injury the defendant had large signs painted and put up at both sides of the passageway; that deceased had never gone through the passageway before, and that her husband, who drove the wagon, had not gone through there for about two years, eliminate any question of implied invitation. The Nichols case, 139 Ark. 467, is not applicable here, but this case falls within the principles announced in the Payne case, 103 Ark. 226; 119 Ark. 246; 114 Ark. 218. Appellants were using the way solely for

their own convenience, and, such being the case, were mere licensees, even though no notices had been put up forbidding its use. Owing no affirmative duty of care, it could not be expected to maintain watchmen to forbid the use. 20 R. C. L., § 53. Defendant had the right at any time to recall the license, if it ever existed, and forbid the use. 49 Ark. 357; 122 *Id.* 168-178.

Smith, J. This appeal is from a judgment rendered upon a directed verdict, and the facts stated most favorably to appellant, who has sued for damages for the death of his wife, are as follows: Appellee—defendant below—constructed a sawmill near a pond of water, where it received logs for the mill. Between the mill and the pond there is an open driveway, and over this driveway was a chute upon which logs were brought from the pond into the mill; and also another chute through which waste material was conveyed by an endless chain from the mill. This tramway or chute had been maintained since the construction of the mill and for a period of twenty-five years. Sometime before the occurrence of the injury out of which this action arose, appellee constructed a temporary incline just north of the permanent one over which logs could be conveyed to the mill. The overhead beams of this temporary incline were lower than those of the permanent incline. There were three of these temporary beams, two of which were seven feet above the ground, and the third was six feet four inches above the ground. These beams were level, but the ground was undulating, and this fact accounts for the difference in the intervening space between the beams and the ground. The employees of the company and all persons having business with them or with the company used this passageway, and had done so for many years. Wagons and other vehicles had used this passageway for many years, and there was a beaten road there.

On August 16, 1920, appellant and wife were in a wagon, coming from the south, and they drove under this structure. They passed safely under the first two

beams, but, as they drove under the third, Mrs. Mitchell's head came in contract with the last and lowest beam, and she received injuries from which she died eight days later after suffering great pain. The appellant and his wife were on their way to the mill-yard for the purpose of peddling watermelons to the employees and their families, and the injury occurred about noon.

Over this passageway, on each side, was a sign on which was printed in large letters, ''Don't drive under.'' This sign had been put up a few months before the injury, but the public use of the passageway was not discontinued on that account. The beam which deceased struck was put up for the purpose of moving sunken logs, and, as has been said, was of a temporary character.

Mrs. Mitchell had never driven through this passageway before, and appellant had never driven through after the erection of this temporary structure, but had driven through before its erection. Persons could go or drive upon appellee's premises without using this passageway, but the distance was much shorter by using it.

We think the verdict in this case was properly directed for appellee under the facts stated. Appellant and his wife were not trespassers, but they were merely licensees. We think it cannot be said that appellee had invited the use of this passageway. Upon the contrary, the notice posted at each entrance forbid the use of the passageway by the public. It is true the testimony does show that this notice was not obeyed, and that the inhibition of the notice was violated so openly and constantly that the jury would no doubt have found that appellee knew it was not observed. But appellee was not required to place a watchman there, and its failure to do so cannot be said to be an implied invitation to thus use its premises.

It is true, as shown by the testimony, that after the public had long used the passageway under the permanent tramway, a temporary structure was erected. But

appellee had the right to do this. The public made no use of this tramway; they had only been accustomed to passing under it, and the persons who did so were mere licensees, to whom appellee owed no affirmative duty of care and as against whom appellee had the right, at any time, to withdraw the license. As has been said in a number of our cases, these licensees took their license with its concomitant perils, and appellee is not liable for the injury here sued for. *Alfrey Heading Co.* v. *Nichols,* 139 Ark. 462; *C. R. I & P. C.* v. *Payne,* 103 Ark. 226; *S. L. I. M. & S. R. Co.* v. *Duckworth,* 119 Ark. 246; *St. L. I. M. & S. R. Co.* v. *Pyles,* 114 Ark. 218.

The judgment is affirmed.