Oldham, J. The first plea filed by the defendant below,, avers that the plaintiff’s cause of action did not accrue within five years next before the commencement of this suit. It is insisted, for the plaintiff below, who is defendant in error, that, at the time of the institution of this suit, five years was not the statutory bar to his action. The statute of limitations contained in the Rev. St. ch. 96, after prescribing the limitation in which various actions were to be commenced, enacts, sec. 11, “All actions not included in the foregoing provisions, shall be commenced within five years after the cause of action shall have accrued.” Covenant is not included in die previous pro7 visions of the act, and is, therefore, necessarily limited to five years, by the Tlth section; unless a different time is prescribed by some subsequent provision of the act. The defendant contends, that the 31st section fixes the time to ten years. This section enacts, that “after the expiration of ten years from the time the right of action shall accrue, upon any instrument for the payment of money or the delivery of property, such right shall be presumed to have been extinguished by payment, &c„” The deed sued upon in this case is not “an in-strament for the payment of money or the delivery of property,” and consequently does not come within the provisions of this section. The breach complained of is, that the party had no title to the land for which he executed the deed, and of which, by the deed, he covenanted he was seized. Assumpsit and debt upon unsealed instruments are included under this section, yet they are specially limited to three years. The present action is as clearly embraced within the provi-1 sions of the 11th section, as it is possible for a general expression to ' include it. We see nothing in the argument that leads us to doubt the correct-, ness of the decisions in Dickerson v. Morrison, 1 Eng. R. 264. Davis v. Sullivan, 2 Eng. R. 462. We, therefore, are of opinion that the Circuit Court erred in sustaining the demurrer to the plea. The second plea avers, that the deed was executed and delivered to the plaintiff, to indemnify him “as the security in bank for the defendant, for some three hundred dollars, and interest thereon.” This plea is bad, because it does not show that the agreement was in writing. Steph. Plead. 376. If the agreement was merely by parol, there is no principle more universally adopted, by courts of law, than that parol evidence is inadmissible to add to, enlarge or vary the terms of a written contract. If the agreement of the parties as to the conditions, or intentions, upon which the deed was executed, was in writing, it should be shown by the plea; otherwise the deed is conclusive upon that subject. The third plea avers, that the “plaintiff has never been evicted or turned out of possession of said lands and premises.” The words, “grant, bargain, and sell,” which are used in the deed declared upon, are, by the Rev. Stat. ch. 31, sec. 1-2, made “an express covenant to the grantee, his heirs and assigns, that the grantor is seized of an indefeasible estate in fee simple, free from incumbrance done or suffered from the grantor, except rents, or services that may be expressly reserved by such deed, as also for quiet enjoyment thereof against the grantor, his heirs and assigns, and from the claim or demand of all other persons whatever, unless limited by express words in such deed, and that the grantee, his heirs or assigns may, in any action, assign breadles as if such covenants were expressly inserted. The breach alleged in the declaration is, that the defendant had no title to the land, which is a breach of the covenant of seizin. To constitute a breach of the covenant of seizin, an eviction is not necessary. Mitchell v. Hayen, 4 Conn. 495. Pollard v. Dwight, 4 Cranch, 430. Logan v. Moulder, 1 Ark. R. 313. Tarwater v. Davis ex'r. 2 Eng. 153. A covenant of warranty is different, and is not broken without eviction by title paramount to the grantor’s, which must be set forth in the declaration. The plaintiff below, however, does not allege a breach of the covenant of warranty, but of the covenant of seizin. The fourth plea is radically and substantially defective in every particular. It is certainly no response to the breach contained in the declaration. If it was intended as a plea of general performance, such a plea is not admissible as an answer to the declaration. The defendant should show the manner in which he had performed his covenant, by averring his title to the land conveyed. The first plea being a good answer to the declaration, the court erred in sustaining the demurrer to it, and for that reason the judgment must be reversed.