SIMON v. CALFEE.

Opinion delivered July 23, 1906.

1. PLEADING—OMISSION TO DENY ALLEGATION OF COMPLAINT.—Where a defendant's corporate existence was alleged in the complaint, failure to deny such fact in the answer will dispense with the necessity of proof thereof. (Page 66.)

2. SAME.—Though the power of the officers of a business corporation to issue negotiable paper in its name is not presumed, such corporation can not avail itself of a want of power in its officers to bind it unless the defense was made on such ground. (Page 67.)

3. APPEAL—INCONSISTENT POSITIONS.—Where defendant, being sued on a promissory note given in consideration of the assignment of a half interest in a Government contract, defended on the ground that the assignment was induced by plaintiff's false representations that the contract was illegal, he can not on appeal insist that the note was without consideration because the contract was in fact illegal. (Page 67.)

4. ESTOPPEL—ACCEPTANCE OF BENEFIT OF ILLEGAL CONTRACT.—One who has received the benefit of the assignment of an interest in a Government contract can not be heard to say that such contract was illegal, in order to defeat the payment of a note given in consideration of such assignment. (Page 67.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Fulk, Fulk & Fulk,* for appellant.

1. The judgment as against the Arkansas Stables can not stand because there was no evidence to show that it is such a corporation as can bind itself by indorsement on a note. 10 Cyc. 1109, 7*a*; Ib. 1113, 2, 1115, 4. It is the duty of every person dealing with a corporation to inform themselves as to the extent of its powers. 10 Cyc. 1148e, (1) (11); 62 Ark. 33; 12 Cent. Dig. col. 1902. A plea of the general issue in an action by a corporation does not admit the power of the plaintiff to make the contract declared on; and proof of that fact is still necessary to enable the plaintiff to recover. 14 Conn. 437; 4 N. Y. St. Rep. 714; 49 Ill. App. 180; 95 U. S. 557.

2. The assignment of the contract was in violation of the law, and notes executed in fulfilling the same were without legal consideration to support a promise to pay for an interest in the contract. 2 U. S. Comp. St. § § 3963-4; 66 Ga. 664; 30 Ia. 223.

*Marshall & Coffman*, for appellee.

1. Want of power in a corporation, or of authority of its officers to bind it, is a matter of special defense, which, to be available, must be pleaded by the defendant. Thompson on Corp. § § 7617, 7619; 77 Cal. 418; 11 Tex. 585; 19 S. W. 910.

2. Appellants can not be permitted to occupy the inconsistent positions of pleading below that the notes were void because obtained through false representations that the contract was void, and claiming in this court that the contract was illegal.

HILL, C. J. 1. Calfee sued Chas. M. Simon, Julia Simon and Arkansas Stables on two promissory notes for $125 each in favor of J. P. Allen & Company, signed by Chas. M. Simon and assigned to Calfee, a member of Allen & Company, and indorsed by Julia Simon and Arkansas Stables. Julia Simon went out of the case on a plea of coverture. The complaint alleged the indorsement of the notes by Arkansas Stables, a corporation organized under the laws of Arkansas.

The answer did not deny this allegation as to the corporate existence of Arkansas Stables.

The first point made is that there was no evidence introduced to show that the Arkansas Stables was a corporation which could bind itself by indorsement. There was no necessity of any

evidence of the corporate existence of the Arkansas Stables, as the apt allegation of it in the complaint was not denied.

Where the power of the officers of a corporation to bind it is challenged in an answer, the authority should be shown in evidence, and not presumed. *City Electric St. Ry. Co.* v. *First Nat. Exchange Bank,* 62 Ark. 33. But a corporation can not avail itself of a want of power or lack of authority of its officers to bind it unless the defense is made on such grounds. Thompson on Corp. § § 7617-7619.

2. The defense to the notes was that Allen & Company and Simon entered into a contract to bid on some Government mail contracts, that they secured two such contracts, that Allen & Company knew the contracts were illegal, that the notes were executed in pursuance of the alleged contract; and further alleged that, after the bids were accepted, Allen & Company represented that the contract existing between them and Simon was illegal, and the postoffice department was canceling all contracts of like nature to theirs, and for mutual protection they would sell their interest for $500 to him, and that on the strength of such inducements Simon executed the notes sued upon, and that such representations were false and fraudulent.

Issue was then made and sent to a jury on instructions given at instance of appellant to this effect: If Allen & Company by false representation induced Simon to execute the notes in suit, then to find in favor of Simon. Simon sustained his allegation with his own evidence. Appellee presented a wholly different version. The jury rejected Simon's version, and that necessarily meant that the notes were not executed under any representations that the contract were illegal, etc. Now, appellant insists that the contracts were void, as against section 3963, Rev. Stat. U. S. and certain postal regulations. This is an inconsistent attitude for appellant. In the circuit court he contended that he was falsely induced to believe the contracts were illegal; now he insists they were illegal. This, of course, can not be permitted.

It is not necessary to take up the other side of the question, and determine whether or not the original contract was contrary to the postal laws. Appellant is not in a position to require it. Not only has he taken an inconsistent attitude towards it, but shows that he actually carried out the contracts. He can not

be heard to say that an executed contract was illegal, in order to defeat the payment of a note given for an interest in it. Having found it legal in fact, he can not say it was illegal in theory, and thus escape his obligation given in order to receive the whole benefit of that contract.

The judgment is affirmed.