## KENNEY *v.* STREETER.

### Opinion delivered December 14, 1908.

1. PLEADINGS—ALLEGATIONS NOT DENIED.—Allegations of the complaint, not denied by the answer, need not be proved. (Page 409.)

2. MORTGAGES—LIMITATION ON ACTION TO FORECLOSE.—One who assumed the payment of a mortgage is not a "third party," within Kirby's Digest, § 5399, fixing the period within which suits may be brought to foreclose mortgages, and providing that payments on the mortgage debt shall not, so far as affects the rights of third parties, revive the debt unless indorsed on the mortgage record. (Page 411.)

Appeal from Crawford Chancery Court; *J. Virgil Bourland,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

On the first day of April, 1890, appellant, D. S. Kenney and his wife, Abbie L. Kenney, executed to the Topeka Investment & Loan Company their promissory note due and payable five years after date to said company for the sum of $700, together with interest thereon at the rate of eight per cent. per annum until paid, interest payable semi-annually on the first days of October and April each year thereafter according to the tenor of ten interest notes of twenty dollars each. This note was indorsed in blank without recourse by said Loan Company to appellees.

On the first day of April, 1890, to secure the payment of this note, appellant D. S. Kenney, and his wife, Abbie L. Kenney, executed their mortgage and deed of trust on the following lands lying in Crawford County, to wit: The N. W. ¼ of the N. E. ¼ and the N. E. ¼ of the N. W. ¼, section 5, township 9, range 31, to secure the payment of said note.

This mortgage was duly recorded in the office of the recorder of deeds and mortgages in Crawford County on said first day of April, 1890.

There was a default in the payment of this note and some of the interest coupons, whereupon appellees filed their complaint in the Crawford Chancery Court to foreclose this mortgage, making D. S. Kenney, Abbie L. Kenney, S. F. Kenney and J. H. Durham defendants. The first, second, third and fourth paragraphs of the complaint allege execution of the notes and the mortgages to secure them, the recording of the mortgage, and

the transfer before maturity and for value of the note for the principal and the interest coupon notes, together with the deed of trust securing same, to the plaintiff, appellee A. W. Streeter. The payments made and indorsed on the note are set forth, and it is averred that the principal debt, together with the interest at the rate of ten per cent. per annum, less the payments mentioned, is due and unpaid.

The sixth paragraph of the complaint is as follows: "The plaintiffs further state that on the 13th day of January, 1902, the said defendants Daniel S. Kenney and Abbie L. Kenney, his wife, sold and conveyed to defendant S. F. Kenney, who is a son of the said Daniel S. and Abbie L. Kenney, the said described lands set forth in the said deed of trust for an expressed consideration of one dollar, giving their quitclaim to the same; that the defendant S. F. Kenney purchased said lands of Daniel S. and Abbie L. Kenney with full knowledge of the said deed of trust, and that the same was a valid subsisting lien on the said land; that the assumption of the payment of said indebtedness by him was the real consideration for the conveyance of said land by the said Daniel S. and Abbie L. Kenney, and that the said S. F. Kenney in writing assumed the payment of said notes and interest, and that he, the said S. F. Kenney, made all payments that were made thereon subsequent to the 13th day of April, 1897, as hereinbefore particularly set forth."

The prayer was for judgment for the amount of the notes and the interest, and for a short time to be given for its payment, and unless same were paid within the time specified that the mortgage be foreclosed to satisfy the judgment, and for all other relief to which plaintiffs were entitled.

The answer of appellant S. F. Kenney set up that he was in possession of the land by virtue of a quitclaim deed from D. S. Kenney and Abbie L. Kenney, his wife, executed on the 13th day of January, 1902, that, prior to the execution of said deed, plaintiffs were barred of their right of action to foreclose the mortgage executed on the 1st of April, 1890, by Daniel S. and Abbie L. Kenney to C. S. Gleed, trustee, etc., because no one for plaintiffs' appellees, or either of them, had entered on the margin of the record of the mortgage any credits paid on the mortgage within five years, and appellant pleaded the five years

statute of limitation of March 29, 1899. The cause was submitted to the chancellor upon the pleadings and exhibits, the note and mortgage, and upon an agreed statement of facts containing certain letters of D. S. Kenney and S. F. Kenney written to A. W. Streeter, appellee, between February 14, 1898, and January 21, 1906, and including those dates. In addition to the letters, the agreed statement showed that "S. F. Kenney purchased the lands mentioned in the mortgage of Daniel S. Kenney and his wife, Abbie, with actual and full knowledge of the existence of said mortgage, and took deed from them for same; that there is no provision to pay the mortgage debt mentioned in the deed from Daniel S. Kenney and his wife to appellant S. F. Kenney; that no indorsements of any payments with date thereof had been made on the margin of the record where the mortgage complained of is recorded."

The chancellor rendered a decree in favor of the appellee, Streeter, for the sum of $1186.15, with interest thereon at ten per cent. from the date of the decree, and ordered and decreed that the mortgage be foreclosed, and the land sold to satisfy the judgment. A commissioner was appointed to make the sale.

From this decree this appeal has been duly prosecuted.

*Sam R. Chew,* for appellant.

1. There is nothing in the record to justify a personal judgment against S. F. Kenney. It nowhere appears that he was connected with the original undertaking. True, the bill alleges that the real consideration for the conveyance to him was the assumption of the debt, and that he had in writing assumed the payment of the note, but the proof does not sustain these allegations. The agreed statement of facts affirmatively shows to the contrary; and nowhere in the letters written did he *expressly* agree to pay the debt of his father. Therefore they are not sufficient to take the agreement out of the statute of frauds. Kirby's Digest, § 3654; 61 Ark. 613; 45 Ark. 67; 52 Ark. 174; 76 Ark. 292; 12 Ark. 174; 18 Am. Dec. (Ala.) 36; 23 Ala. 591; 33 Ala. 106.

2. The action on the debt and mortgage is barred, no indorsement of payments having been entered on the margin of the record where the mortgage was recorded within the time

allowed by law. Kirby's Dig., § 5399; 64 Ark. 317. Appellant being an interested third party, the mortgage as to him is void, and it is not material that he had knowledge of the existence of the mortgage. The statute makes no exceptions, and the court cannot interpolate terms into a statute not there in express words or by necessary implication. 44 Ark. 301; 57 Ark. 611.

*Jesse Turner* and *L. H. Southmayd*, for appellees.

1. The answer does not deny nor controvert the material allegations of the complaint, specifically pleaded, that the expressed consideration in the deed was one dollar, that appellant purchased with full knowledge of the deed of trust, that it was a valid subsisting lien on the lands, and that the assumption by appellant of the payment of the debt was the real consideration for the conveyance; and that appellant in writing assumed the payment of the note and interest, making all payments thereon subsequent to April 15, 1897. These allegations, therefore, must be taken as true. Kirby's Digest, § 6137; 73 Ark. 344; 85 Ark. 561; 80 Ark. 65. The agreed statement of facts shows conclusively that the court properly rendered personal judgment against appellant, and his letters are proof that he in writing assumed the payment of the debt.

2. Appellant is not a third party within the purview of the statute relied on. The object of the statute is that third parties be not misled. If a party who knows the actual status of a loan purchases with the stipulation that as part of the consideration he will assume the payment of the loan, and in writing promises the mortgagee so to do, and in recognition of the binding force of the mortgage makes various subsequent payments on the debt, he is estopped to claim the benefit of the statute. 68 Ark. 256; 63 Ark. 268; 48 Ark. 258; 70 Ark. 348; *Id.* 49; 64 Ark. 317-321.

WOOD, J. (after stating the facts.) 1. The most material allegation of the complaint, as it affects appellant, is that he purchased with full knowledge of the deed of trust, and "that the assumption of the payment of said indebtedness by him was the real consideration for the deed from Daniel S. and Abbie L. Kenney, and that the said S. F. Kenney in writing assumed the payment of said notes." The appellant's

answer does not deny this specific and well-pleaded allegation. Therefore, under the statute, and many and some recent decisions of this court, it must be taken as true and confessed. It was not necessary for appellee to prove it. Sec. 6137, Kirby's Digest; *Haggart* v. *Ranney*, 73 Ark. 344; *Simon* v. *Calfee*, 80 Ark. 65; *St. Louis, I. M. & S. Ry. Co.* v. *State*, 85 Ark. 561.

The agreed statement of facts shows that there is no provision to pay the mortgage debt mentioned in the deed from Daniel S. to S. F. Kenney. But that does not disprove the allegation of the complaint. It only shows that the deed did not mention any assumption of the mortgage debt. But that is far from disproving that appellant assumed the payment of said notes in writing, as the complaint alleged. We must take it from the undenied allegation that there was some other writing than the deed by which appellant assumed to pay the notes in suit as a consideration for the purchase by him of the land from his father. But, in addition to this, we are of the opinion that the various letters of D. S. and S. F. Kenney to appellee contain sufficient evidence of an express promise on the part of appellant to pay the debt of his father to appellee as a part of consideration for the deed. We have not set forth these letters in the statement of facts, but we have carefully read and considered them. A letter of D. S. Kenney's to appellee of July 18th, 1899, shows that he had let his two sons, appellant being one of them, "have the farm, they to stand in his place and meet the obligations of the mortgage." The letters of appellant, subsequent to this one, and the other letters of D. S. Kenney, show that appellant had assumed the debt of his father to appellee, for he sends in these at various times small payments, amounting in the aggregate to $132. In the first letter he says, *inter alia*, "I will do the very best I can, and as soon as I can, for you in the way of settlement," referring, as the whole letter shows, to the land in suit. Promises of similar purport are contained in sundry other letters in which small remittances are made, with excuses and apologies for not sending more. The whole correspondence, fairly construed, contains evidence of an express promise to pay the debt to appellee as the consideration for the deed. The very small sum of one dollar mentioned in the deed as the consideration therefor shows that appellant was to pay D. S. Kenney and wife only a nom-

inal sum. But he took possession of the land in controversy, and, as his letters show, occupied and used the income therefrom for his own purposes. This deed and the possession of the eighty acres of land was a sufficient consideration for his promise to pay the debt of his father to appellee. The court did not err, therefore, in rendering personal judgment against appellant.

2. We are also of the opinion that the proof shows, and it follows from what we have said, that appellant was not a "third party," in contemplation of section 5399, Kirby's Digest. That section has no application to cases like this, and the action was not barred. The decree was correct.