CLARK *v*. LESSER.

Opinion delivered January 20, 1913.

1. LIMITATION OF ACTIONS—PAYMENT ON DEED OF TRUST—RECORD.—Under section 5399 of Kirby's Digest, which provides that a payment made on the indebtedness secured by a deed of trust, shall not operate to revive said debt or extend the operation of the statute of liminations, so far as it affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitations, endorse a memorandum of such payment with date thereof on the margin of the record, an endorsement which reads: "There being a balance due on the within deed of trust of $118, this November 4, 1902; (signed) M. Lesser & Co.; attest, F. H. Govan, clerk;" is no endorsement at all within the meaning of the statute, and will not check the operation of the statute of limitations. (Page 212.)

2. FORECLOSURE OF DEED OF TRUST—NECESSARY PARTIES.—Where S. made a deed of trust for the benefit of L. & Co. and then sold a portion of the said lands to C., S. had an equity of redemption in the lands to which C. succeeded, and C. is a necessary party to a foreclosure suit by L. & Co. under the deed of trust. (Page 212.)

3. SAME—NECESSARY PARTIES—LIMITATIONS.—Where S. made a deed of trust for the benefit of L. & Co. and then sold a part of the lands to C., and L. & Co. brought foreclosure proceedings, not making C. who was a necessary party, a party defendant, and at the sale L. purchased the lands, and the statute of limitations having run against the deed of trust, C. may, in a suit by L. against him to quiet L.'s title and partition the land, set up the statute of limitations to defeat L., and C. is not prevented from so doing because S. neglected to set up the statute, which he might have done in the original foreclosure suit. (Page 212.)

Appeal from Lee Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

This suit is over an undivided one-half interest in and to the southeast quarter of the southeast quarter and the north half of the southwest quarter of the southeast quarter of section 22, township 2 north, range 1 east, in Lee County.

George Smith donated eighty acres, of which the land in controversy was a part, from the State of Arkansas on the 1st day of February, 1900, with the understanding that John Frank Clark, who paid one-half of the donation fees, should have a half interest in the land. On the 29th day of March, 1899, Smith executed a deed of trust to one O. C. Sutton, trustee for M. Lesser & Co., on his undivided one-half interest in the eighty acres in section 22. The deed of trust was to secure an indebtedness due October 22, 1900. The deed of trust was filed for record on the 29th day of March, 1899, and duly recorded.

On the 15th day of October, 1900, George Smith conveyed to John Frank Clark sixty acres of the eighty acres in section 22, *supra.* In September, 1906, Morris Lesser & Co. instituted a suit to foreclose the deed of trust, and in December following a decree of foreclosure was entered and the lands were sold thereunder and purchased by the appellee, Morris Lesser, who obtained his deed and filed the same for record on the 3d day of February, 1909.

On the 22d day of January, 1909, John Frank Clark conveyed the lands that had been conveyed to him by George Smith to appellant Westbrook, and the latter filed his deed for record on the 11th day of August, 1909. The deed from Smith to Clark was filed for record October 4, 1901. Clark was not made a party however to the foreclosure proceedings.

On the 25th day of October, 1909, appellee brought suit against John Frank Clark, Sandy Clark, Paul H. Westbrook and George Smith to quiet title and for par-

tition of the land. A decree was entered at the December term, 1909, *pro confesso* against the defendants, John Frank Clark, Sandy Clark and George Smith. Appellant Westbrook answered, and made his answer a cross complaint, asking that his title be quieted. The decree was rendered against appellant quieting title in appellee Lesser and ordering a partition of the land. The appellants duly prosecute this appeal.

*Manning & Emerson*, for appellant.

The foreclosure proceeding against Smith, and the decree, commissioner's deed, etc., are void as to the appellant Westbrook, for the reason that the deed of trust was barred by the statute of limitations, and Westbrook was not made a party to the proceeding. Kirby's Dig., § 5399; 61 Ark. 115; 66 Ark. 204; 67 Ark. 27; 70 Ark. 49; *Id.* 122; *Id.* 598; 64 Ark. 305; *Id.* 317; 74 Ark. 138; 68 Ark. 257-9; 91 Ark. 394-8, and cases cited.

The endorsement entered on the margin of the record is not a compliance with the statute.

*C. E. Daggett* and *H. F. Roleson*, for appellee.

1. The endorsement was sufficient. The statute is complied with when such memorandum is endorsed on the margin before the expiration of the mortgage lien as will notify third parties that the lien still exists, and the endorsement made in this case was sufficient for that purpose. Cases cited by appellant sustain the sufficiency of the endorsement. 68 Ark. 257; 91 Ark. 394-8. The question of limitation was not raised in the foreclosure suit, and can not be taken advantage of now. Even though Clark was not made a party to that suit, was it not incumbent on him to appear and plead the limitation, and, not having done so, are not he and Westbrook cut off from pleading limitation here by the decree in that suit? 77 Ark. 379.

2. The appeal is premature. 52 Ark. 224.

WOOD, J., (after stating the facts). The appellant set up in his answer and cross complaint that the deed of trust was barred by the statute of limitations before the foreclosure proceedings were instituted, and that

inasmuch as the appellant was not made a party to those proceedings the same were void as to him, and that appellee did not acquire any title under such proceedings.

Upon the margin of the record of the deed of trust was the following endorsement: "There being a balance due on the within D/T of $118 this November 4, 1902. (Signed) M. Lesser & Co. Attest: F. H. Govan, Clerk."

As the deed of trust was due October 22, 1900, it was barred by the statute of limitations in September, 1906, when the suit to foreclose was instituted unless the above endorsement is sufficient to prevent the running of the statute. The statute is as follows: "In suits to foreclose mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given. Provided, when any payment is made on any such existing indebtedness, before the same is barred by the statute of limitation, such payment shall not operate to revive said debt or to extend the operations of the statute of limitations with reference thereto, so far as the same affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, endorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which endorsement shall be attested by the clerk." Kirby's Digest, § 5399.

In *Hill* v. *Gregory,* 64 Ark. 317, construing this statute, we said: "The statute in question is an act of limitation upon the rights of foreclosure of the mortgage, in effect making the mortgage subject to the same limitations as to time as is applicable to the evidence of the debt secured by the mortgage; and, further, the statute is applicable to mortgages with power of sale and deeds of trust, when sought to be foreclosed by trustee's sale; and, furthermore, when it appears affirmatively from the face of the mortgage that the debt is barred, and there are no marginal entries to take the debt out of the opera-

tion of the statute of limitation, the right to foreclose is then also barred, as against third parties."

In the above case there was no marginal entry endorsed on the record, but we consider the case applicable because, in our opinion, the marginal entry on the record in the present case is not a compliance with the requirements of the statute, and, in legal effect, is no endorsement at all.

It will be observed that the statute requires that the date of the payment shall be endorsed on the margin of the record. The endorsement above set out does not show the date on which the payment was made. Conceding that the endorsement shows that a payment had been made, it falls far short of showing that such payment was made within five years before the beginning of the suit to foreclose. It is not the fact of the payment, but the date on which payment is made, that tolls the statute. The endorsement only shows that there was a balance of $118 on November 4, 1902, but it does not show that the payment which left such balance was made on November 4, 1902. For aught that the endorsement shows to the contrary, such payment might have been made even before the note became due on October 15, 1899, or so soon thereafter as not to bring the date of the payment within a period of five years before the institution of the suit to foreclose. The date of the payment must be endorsed on the margin of the record in order that third persons examining the same may know whether or not the mortgage or deed of trust is barred by the statute of limitations.

As we said in *Hoye* v. *Burford*, 68 Ark. 257-9: "In order that third persons be not misled, if, notwithstanding, the margin of the record shows the debt to be barred, the debt is not in fact barred by reason of partial payments, these must be entered on the margin of the record of the mortgage." See also *Morgan* v. *Kendrick*, 91 Ark. 394-8.

"Where the fact of part payment is relied upon to stop the running of the statute of limitations, the burden is on the plaintiff to show it." *Simpson* v. *Brown-Des-*

*noyer's Shoe Co.,* 70 Ark. 598. This burden is not discharged by the statement in the decree of foreclosure that a payment was made. The margin of the record of the deed of trust must show it.

It follows that the court erred in holding that the endorsement on the record was sufficient to prevent the bar of the statute of limitations as to third persons. As the appellant and his grantor, Clark, were not parties to the deed of trust, they are strangers to the transaction and third parties within the meaning of the statute. As Clark was not made a party to the foreclosure proceedings his rights were not affected thereby.

In the early case of *Porter* v. *Clements,* 3 Ark. 368, we held that on a bill to foreclose a mortgage all persons having either a legal or an equitable interest were necessary parties, and that it is indispensably necessary that all persons having a right to disengage the land from encumbrances should be joined. The same doctrine is announced in *Dickinson* v. *Duckworth,* 74 Ark. 138.

What were the rights of Clark had he been made a party to the suit to foreclose? He acquired the equity of redemption in the land in controversy, for that was what his grantor Smith owned, he having previously executed a deed of trust to Lesser & Co. This equity of redemption would have given Smith the right to set up the statute of limitations in the foreclosure proceedings had he seen proper to plead it. As Clark succeeded to his rights in the purchase of this equity of redemption from Smith he would also have had the right to set up the bar of the statute had he been made a party to the foreclosure suit.

Although the decree of foreclosure was binding as to Smith, since he did not see proper to plead the statute of limitations in that suit, it was not binding as to Clark because he was not a party. Therefore Clark and appellant, the successor to his rights, are not precluded from setting up the bar of the statute of limitations against the present effort of the appellee to quiet his title and to partition the lands in controversy.

It follows, for the reasons stated, that the foreclos-

ure sale under which appellee claims was void as to appellant and that appellee acquired no rights thereunder. This view makes it unnecessary to pass upon the other questions presented in the brief of counsel. The decree of the chancery court was a final decree as to the title to the land in controversy, and the appeal was therefore not premature.

The judgment of the chancery court is therefore reversed and appellee's complaint is dismissed for want of equity, and the chancery court will enter a decree upon appellant's cross complaint cancelling the commissioner's deed to appellee obtained under the foreclosure sale and quieting the title in appellant under the deeds set up in his cross complaint.