## MERCHANTS' & PLANTERS' BANK *v.* EWAN.

Opinion delivered April 28, 1930.

*Bogle & Sharp,* for appellant.

*June P. Wooten* and *Lee & Moore,* for appellees.

BUTLER, J. On the 6th day of March, 1922, appellee, Parker C. Ewan executed a note to the Merchants' & Planters' Bank, appellant, in the sum of $15,000, due December 15, 1922, with eight per cent. per annum interest from date until paid, and to secure the payment of same, executed and delivered his mortgage of even date with the note to the bank covering certain real property in Monroe County, Arkansas. The mortgage was duly recorded in said county on March 8, 1922. Payments beginning in 1923 were made and credited on the note each year down to and including the year 1928. None of these payments were indorsed or noted on the margin of the record of the mortgage. There appeared, however, on the margin of the record of the mortgage this endorsement:

"For value received, we hereby release all of Block PP, Parker Ewan's Subdivision, Clarendon, Arkansas.

Signed, Merchants' & Planters' Bank, by W. H. Brown, Cashier. 1-3-25. Attest John W. Hooker, Clerk.''

The appellees, Keesee, Moore. and Murphey, hold judgments against Ewan, and were proceeding to enforce the same by levying executions on the lands contained in the mortgage aforesaid when this suit was instituted by the appellant bank to foreclose its mortgage, and to enjoin the judgment creditors from further proceeding against said lands. The appellee judgment creditors defended on the ground, that the mortgage which appellant sought to foreclose and the lien thereof were barred by statutes of limitation.

The trial court found that the indorsement upon the margin of the record was not sufficient to toll the statute, and that the mortgage, so far as the same affected the rights of the judgment creditors, was barred by limitation. The court also by its decree settled the priorities of liens of the appellees, and that part of the decree is before us for review. The principal question to be decided is, ''Was the indorsement made on the margin of the record a compliance with the statute authorizing the extension of maturity of a mortgage debt.''

The suit of appellant bank was instituted on the 28th day of June, 1929, more than five years after the due date of the note secured by the mortgage, so that, as to appellees, the judgment creditors, the lien would be barred unless the notation on the margin of the record was made within five years of the due date, and which would be a sufficient compliance with § 7408, Crawford & Moses' Digest. This section is as follows: ''In suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given, provided, when any payment is made on any such existing indebtedness, before the same is barred by the statute of limitation, such payment shall not operate

to revive said debts, or to extend the operations of the statute of limitation, with reference thereto, so far as the same affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with the date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk.''

The appellee contended, which contention was upheld by the court below, that the indorsement *supra* did not comply with the statute just quoted, in that it failed to show a payment on the mortgage debt, and if a payment was shown it fails to state the date such payment was made, both of which are required by the statute. This court has had occasion to construe this statute a number of times, and has held that when a debt secured by a mortgage is apparently barred by limitation, and no payment which would stay the limitation is indorsed on the margin of the record, it becomes as to third parties an unrecorded mortgage, and constitutes no lien upon the mortgaged property as against them, notwithstanding they have actual knowledge of the execution of the mortgage, and notwithstanding the fact that payments might have been made on the note which it secured.

In *Clark* v. *Lesser*, 106 Ark. 207, 153 S. W. 112, cited by appellee, the following indorsement on the margin of the record was held not to be sufficient compliance with the statute, the indorsement being, ''There being a balance due on the within D/T of $118 this November 4, 1902. M. Lesser & Co., Attest: F. H. Govan, Clerk.'' The court in that case used this language: ''It will be observed that the statute requires that the date of the payment shall be indorsed on the margin of the record. The indorsement above set out does not show the date on which the payment was made. Conceding that the indorsement shows that a payment had been made, it falls far short of showing that such payment was made

within five years before the beginning of the suit to foreclose. It is not the fact of payment, but the date on which payment is made, that tolls the statute. The indorsement only shows that there was a balance of $118 on November 4, 1902, but it does not show that the payment which left such a balance was made on November 4, 1902. For aught that the indorsement shows to the contrary, such payment might have been made even before the note became due on October 15, 1899, or so soon thereafter as not to bring the date of the payment within the period of five years before the institution of the suit to foreclose. The date of the payment must be indorsed on the margin of the record in order that third persons examining the same may know whether or not the mortgage or deed of trust is barred by the statute of limitations.''

The testimony of the cashier who made the indorsement is to the effect, and it is undisputed, that there were $420 paid the bank on January 3, 1925, from the sale of the property named in the indorsement, which had been sold by Ewan to the School Board, and the release was executed in order that the School Board, the purchaser, could receive clear title to the lot.

It is the opinion of the majority that the expression, ''for value received,'' is equivalent to the statement that a sum of money had been received by the mortgagee on the debt secured by the mortgage, and that the date affixed to the signature of the cashier refers to and is the date of the transaction which the memorandum records, and of its indorsement, and is therefore a compliance with the requirement of the statute, and was sufficient to apprise any one that examined it that a portion of the indebtedness had been paid on the mortgage debt sufficient to warrant the bank in releasing a part of its security, and that it is distinguished from the case of *Clark* v. *Lesser, supra,* for the reason that the indorsement in that case was not sufficient to indicate a payment had been made on any definite date, so that third

persons examining the record could have no information as to whether any payment had been made within the time that would prevent the mortgage from being barred by limitation, while in the instant case the date affixed to the signature of the mortgagee would reasonably refer to the date when the consideration for the release was received by it, and was within five years from the due date of the note.

The majority are strengthened in the conclusion reached by the fact that all of the transactions by which Ewan became indebted to the appellees, his judgment creditors, were had at a time when the mortgage was in full force and virtue, of which mortgage they were presumed to have knowledge, and the indorsement was sufficient to put them on inquiry as to the continued existence of the mortgage lien.

We think the judgment and decree of the court in adjudging the priorities of the judgment creditors with respect to each other is correct, and they would be entitled to share in any residue remaining from a sale of the land after the mortgage debt has been satisfied in amount, and to the extent found by the court below. In view of the conclusion reached, the decree of the chancery court is reversed, and the case remanded for further proceedings consistent with the principles of equity, and in conformity with the views hereinbefore expressed.