M. K. GOETZ BREWING COMPANY *v.* HILL.

4-8036                                           199 S. W. 2d 959

Opinion delivered January 13, 1947.

Rehearing denied February 17, 1947.

*Granoff & Meyerhardt* and *W. C. Rodgers,* for appellant.

*Boyd Tackett* and *George E. Steel,* for appellee.

RORINS, J.   Appellant prosecutes this appeal from a judgment, responsive to trial jury's verdict in favor of appellee, rendered by the lower court in appellant's suit against appellee to recover $1,547.71 on an account for beer sold by appellant. to a partnership composed of appellee and Agee Ball, doing business at Camden, Arkansas, under the firm name of Jax Sales Company.

The answer of appellee contained a general denial and a plea that the account was barred by the statute of limitations.

Appellant introduced in evidence a statement of its account showing sales to the Jax Sales Company. This account, which began on July 7, 1938, showed total debits for deliveries of beer to the partnership amounting to $7,397.45, and credits totalling $5,849.74. The last invoice was dated May 29, 1939, and after this date there were made certain payments, the last of which was on June 30, 1939. Appearing on the account, after this date, were certain credits for "empties" returned and for certain "allowances" on beer. The instant suit was filed on January 28, 1943; and the determining issue in the case is whether the credits entered on the account within the

period of three years before the institution of the suit reflected such payments as to toll the statute of limitations.

Witnesses for appellant testified that these credits were made with the knowledge and consent of appellee. Appellee testified that he sold his interest in the partnership to his partner Ball on March 15, 1939, and that Ball agreed to assume all obligations of the firm, including appellant's account. Appellee further testified that after he sold his interest he did not authorize or know of any of the credits appearing thereafter in the account. Ball corroborated appellee's version of the agreement between appellee and Ball, and he also testified that after July, 1939, at which time he went out of business, he did not return any "empties" to appellant and he denied knowledge of any credits on the account as of date later than July 1, 1939.

For reversal of the judgment below it is argued by appellant:

First, that the lower court erred in refusing to instruct the jury that proof of the account made a *prima facie* case for appellant.

Second, that payment is an affirmative defense and must be pleaded.

Third, that error was committed by the court in giving an instruction as to the nature of a mutual account.

Fourth, that the verdict is contrary to the testimony.

## I.

While the lower court refused to instruct the jury that proof of the account made out a *prima facie* case for appellant, the first sentence in its instructions was: "Gentlemen, the account sued on shows total charges of $7,397.45 and total credits of $5,849.74, leaving a balance of $1,547.71." This, in reality, stated the matter more favorably to appellant than the requested instruction, and no prejudice resulted from its refusal.

## II.

It is next urged that the lower court erred in refusing to instruct the jury that payment is an affirmative defense that must be pleaded. Since appellee did not claim that he had paid the debt sued on, and the only question as to payment involved was the question as to the credits or payments urged by appellant as tolling the statute of limitations', the refusal to give this instruction was not prejudicial to appellant.

## III.

Appellant asked no instruction as to what constitutes a "mutual" account. Appellee asked several such instructions, only one of which was given. This instruction was not erroneous.

## IV.

The burden is on a creditor, who asserts a payment to avoid the bar of limitation, to prove such a payment. *Armistead* v. *Brooke,* 18 Ark. 521; *Simpson* v. *Brown-Desnoyers Shoe Company,* 70 Ark. 598, 70 S. W. 305; *Clark* v. *Lesser,* 106 Ark. 207, 153 S. W. 112; *Taylor* v. *White,* 182 Ark. 433, 31 S. W. 2d 745; *Bank of Mulberry* v. *Sprague,* 185 Ark. 410, 47 S. W. 2d 601; *McNeill* v. *Rowland,* 198 Ark. 1094, 132 S. W. 2d 370. ' "When payments are relied upon to stop the running of the statute of limitations, the burden of proof is on the party alleging it to show by other evidence in addition to the endorsement that the payment was in fact made." *Slagle* v. *Box,* 124 Ark. 43, 186 S. W. 299.

There was a sharp conflict in the testimony as to the correctness of the credits for "empties" returned and for "allowances." The evidence given by appellee and his former partner was to the effect that these "empties" were not returned by them and that there was no basis for any of the credits entered on the account within three years before the suit was filed. While the testimony of two officials of appellant was contrary to this testimony adduced on behalf of appellee, the jury accepted the

version of appellee and his witness. The jury's finding on this disputed question of fact is conclusive.

No error appearing, the judgment of the lower court is **affirmed.**