## LEYDA, et al v. COMPTROLLER, et al.
### No. 61-C-13241.

Circuit Court, Dade County.

April 12, 1962.

Irving B. Levenson of Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, for plaintiffs.

Darrey A. Davis, County Attorney, and William W. Gibbs, Ass't. County Attorney, for defendant Sheriff of Dade County.

Richard W. Ervin, Attorney General, and Joseph Nesbitt, Ass't. Attorney General, for defendant State Comptroller.

GEORGE E. SCHULZ, Circuit Judge.

This proceeding was initiated by the plaintiffs to restrain the execution of tax warrants issued under the authority of the state comptroller for the collection of documentary stamp taxes.

The amended complaint alleged that in the deeds of conveyance of realty from the grantors to the grantees, there was no "assumption" of an outstanding mortgage; rendering them not taxable under Chapter 201, F.S., as construed by Attorney General's Opinion No. 059-242. The answer of the comptroller placed this allegation in issue and for an affirmative defense, alleged that

the plaintiff-grantees were estopped to deny an assumption of the mortgage.

In every transaction herein, the deeds of conveyance were "subject to the mortgage". However the record and admissions of the parties reveal that in some twenty of the transactions, the vendees had agreed to assume the outstanding mortgage in the preliminary sales contract.

It is the rule in Florida that a sales agreement providing for the assumption of a mortgage survives the deed of conveyance and is enforceable. Riddle v. Colliver, 116 Fla. 723, 156 So. 880.

Accordingly, this assumption agreement formed a part of the consideration of the transaction upon which documentary stamp taxes were required under F.S. 201.02, 1961.

From all that appears, there was no actual assumption agreement in the remainder of the transactions. It is undisputed however, that the grantees and the grantor at the time of the closing executed a "property sales record" which provided, inter alia —

WAS UNIVERSITY FEDERAL MORTGAGE ASSUMED BY

THE PURCHASER?      YES _____     NO _____ .

TERMS OF SALE_____ Balance of First

                              Mortgage     $_____

                              Cash              _____

                              Second Mortgage _____

                              Other Considerations_____ .

In each of the above transactions, the above question was marked "Yes". The "Terms of Sale" were completed in full and both buyer and seller were signators to the agreement. A copy of this report was filed with the mortgagee savings and loan association.

It is urged that since the mortgagee has not elected to rely upon this instrument, it forms no part of the consideration in these transactions under Attorney General's Opinion No. 059-242.

While the mortgagee is powerless to prevent an assumption agreement between a vendor and a vendee, he may nevertheless treat both the principal and surety, under such an agreement, as his principal debtors. 22 Fla. Jurisprudence, Mortgages, Section 455.

It is fundamental that a signator to an instrument is estopped to deny the validity thereof where freely and voluntarily made. It is well settled that an "assumption" of a mortgage may arise by an express, parol, or even an implied contract.

Accordingly, the plaintiffs are estopped to deny the assumption of the mortgage indebtedness. 22 Fla. Jurisprudence, Mortgages, Section 456. See also Kenny v. Streeter, 88 Ark. 406, 114 S.W. 923, and Federal Land Bank of Omaha v. Houck, 4 N.W.2d 213.

The state comptroller, as the representative of the public, for the collection of revenue, is in as good position as the mortgagee or the grantor, to rely upon the representations contained in the "property sales record".

An appropriate final decree will be entered in favor of the state comptroller in conformity with the views expressed herein.