HYDE WHOLESALE DRY GOODS COMPANY *v.*
JACK EDWARDS

73-94                                                        500 S.W. 2d 85

Opinion delivered October 8, 1973
[Rehearing denied November 5, 1973.]

*Ronald L. Griggs* and *Camp & Thornton,* for appellant.

*Shackelford & Shackleford,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant Hyde brought this foreclosure suit to enforce promissory notes and a real estate mortgage executed in the 1950's by Mrs. Katherine T. Edwards. As to Mrs. Edwards (who died while the suit was pending below) the debt was barred by limitations. Hyde joined Mrs. Edwards' son as a codefendant, asserting that he assumed liability for the debt, both orally and in writing. Edwards successfully moved for a summary judgment, disclaiming any legal responsibility for his mother's obligation. Hyde appeals.

The summary judgment was based upon the pleadings and upon affidavits filed by both sides. Hyde's counsel, in contending that the chancellor erred as a matter of law, relies upon three separate actions taken by Edwards.

First: In 1966 Mrs. Edwards' ownership of the mortgaged real estate prevented her from obtaining state welfare payments. According to the plaintiff's affidavits, on June 2, 1967, Edwards orally agreed with Hyde's attorney that if that attorney would help Edwards obtain welfare assistance for his mother, Edwards would assume and pay the debt. That oral agreement, standing alone, was barred by the three-year statute of limitations when the summons against Edwards was issued in this

case on May 30, 1972. Ark. Stat. Ann. § 37-206 (Repl. 1962).

Secondly: Pursuant to the plan to obtain welfare payments for Mrs. Edwards, she conveyed the mortgaged realty to her son on June 6, 1967, reserving a life estate. We are unable to agree with Hyde's insistence that Mrs. Edwards' deed amounted to a written assumption of the debt by her son. The conveyance was an ordinary warranty deed that made no mention whatever of the mortgage indebtedness. The situation is unlike that considered in *Kenney* v. *Streeter*, 88 Ark. 406, 114 S. W. 923 (1908), cited by Hyde. There the complaint asserted that Kenney in writing assumed the payment of the notes sued upon. While it was true that the deed to Kenney did not recite that he assumed the obligation, the court held that his failure to deny the allegation in the complaint justified the conclusion that he had assumed the debt by some other writing. In the case at bar there was no comparable failure by Edwards to deny the allegations of Hyde's complaint.

Thirdly: Hyde, to avoid Edwards' plea of limitations and the statute of frauds (Ark. Stat. Ann. § 38-101, subsection 2), relies upon certain correspondence between the parties. We do not find in the letters any such positive assumption of the debt as is required to satisfy the statute of frauds or to toll the statute of limitations. § 37-216. The letter most favorable to Hyde's position was written by Edwards to Hyde's attorney on September 8, 1967, and reads in part: "I plan to be back in El Dorado in November and hope to be able to make arrangements to take care of mortgage holders at that time and I would like to be able to have this welfare matter behind me at that time, if possible." It will be seen that the letter falls far short of binding Edwards to pay the debt personally. The suggested arrangements might have entailed various other possibilities, such as the payment of the debt by Mrs. Edwards or by the sale of her property. The letter contains no statement that Edwards bound himself to pay the debt.

In a second point for reversal Hyde argues that the entry of a summary judgment was error, because the

record discloses a genuine question of fact. That contention is based upon Edwards' own affidavit. There Edwards stated that in late November, 1966, Hyde's attorney telephoned him to say that some "token payment" on the debt had to be made at once to avoid foreclosure (as the statute was about to run). In answer to that demand Edwards sent a check for $10 directly to Hyde. Edwards' accompanying letter reads in part: "Enclosed is our check for $10.00, in payment on the mortgage held by you, on my Mother's property." In his affidavit Edwards went on to say: "By forwarding this sum to Mr. Camp [Hyde's attorney] I was simply complying with his request and in no means intended to assume the mortgage indebtedness of my mother."

As we understand counsel's argument, it is contended that Edwards' statement that he did not intend to assume the mortgage indebtedness would not necessarily preclude the chancellor from finding as a fact that Edwards did so intend. That argument is unsound. Edwards' affidavit established a prima facie basis for a summary judgment in his favor. The burden then shifted to Hyde, as plaintiff, to file a controverting affidavit. Since that was not done, the defendant was entitled to summary judgment. *Epps* v. *Remmel,* 237 Ark. 391, 373 S.W. 2d 141 (1963). Even though an interested party's statement is not to be taken as undisputed, that rule does not mean that his denial of a fact amounts to proof that the fact exists. It is our conclusion from the record that the appellant simply allowed the statute of limitations to run before filing suit.

Affirmed.

HARRIS, C. J., dissents.