ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

v. DOOLEY.

Opinion delivered February 3, 1906.

1. NEGLIGENCE—UNSAFE PREMISES—LIABILITY OF OWNER.—While the bare permission of the owner of private grounds to persons to enter upon his premises does not render him liable for injuries received by them on account of the condition of such grounds, he is liable in damages to such persons as are led by his express or implied invi-

36

tation to come upon his premises, and, without being negligent them-
selves, are injured by the unsafe condition of the premises, if such
condition was the result of his failure to use ordinary care to pre-
vent such condition, and he failed to give timely notice thereof to
them or the public. (Page 566.)

2. Railroad—defective stile—liability.—Where a railroad company
constructed a stile over its fence, and expressly or impliedly induced
or led persons to cross the same, it is liable in damages to a person
injured by the unsafe condition thereof, occasioned by its failure to
use ordinary care to keep the stile in safe condition or to notify the
public of its unsafe condition. (Page 566.)

3. Erroneous instruction—when harmless.—Where the trial court
gave to the jury an instruction more favorable to appellant than
it was entitled to, it can not complain because the jury failed to
follow it. (Page 567.)

Appeal from Ouachita Circuit Court; Charles W. Smith,
Judge; affirmed.

*B. S. Johnson,* for appellant.

Persons using the way and crossing did so as mere licensees,
and the company is not liable for injuries sustained because the
crossing was not properly constructed or kept in repair. Elliott,
Railroads, 1151; 83 Wis. 547; 57 Wis. 600; 42 Ill. App. 93. The
owner of premises is under no legal duty to keep them free from
pitfalls or obstructions for the accommodation of persons who
go upon or over them for their own convenience or pleasure,
even when this is done with his permission. The licensee goes
there at his own risk. 100 Ind. 223; 7 Fed. 78; 2 Sh. & Redf.
Neg., § 705; 115 N. Y. 55; 145 N. Y. 301; 34 N. J. L. 467; 92
Ala. 320; 9 Bush, 522; 15 Mass. 47; 155 Mass. 472; 48 Ark.
491 and cases cited.

*R. G. Harper* and *Thornton & Thornton,* for appellee.

If a railway company builds and undertakes to keep in repair,
for the accommodation of the public, an approach to a private
crossing, it is such an invitation to the public to use the same
as renders it liable for injuries resulting from defects negligently
permitted to exist in said approach. 87 Am.. Dec. 644; 36 S. E.
232; 32 S. E. 551; 95 Ga. 430; 20 N. Y. S. 347. Where such use
has been long continued with the implied permission of the owner
or persons in control of same, persons using it are not deemed to
be trespassers or mere licensees. 61 Pac. 689; 54 S. W. 1056.

The company must use ordinary care to prevent injury to travelers, where it, by constructing grade crossings, fencing off footways over its tracks, building plank bridges for foot passengers, gates in the railroad fence for use of pedestrains, or maintaining steps over such fence for such use, thereby holds out such places as proper for them to use. Elliott, Railroads, § 1154; Whit. Smith on Neg. 314; 32 S. W. 670; 112 Mass. 584; 8 Am. Rep. 415; Wharton on Neg. 826; 99 Mass. 216; Webb's Pollock on Torts, 627, and note. The obligation to repair may become binding upon the company from long-continued custom to repair. Elliott on Railroads, § 1146. Though the law imposed no duty on the company to construct the steps and to maintain them, yet, having voluntarily assumed to do so, it is liable to passengers for injuries resulting from defects negligently permitted to exist. 12 S. W. 210; 19 S. W. 1015; Patt. Ry. Acc. Law, 156; 14 Am. & Eng. Ry. Cas. 681; 88 N. C. 109; 95 Ind. 361; 18 Ohio S. 399; 92 N. Y. 289; 12 N. E. 451; 28 Minn. 98. See also 83 Va. 99; 35 Md. 38; 29 Penn. S. 126; 65 Penn. 269; 115 Ind. 399; 38 Wis. 634; 20 L. R. A. 587; 72 Iowa, 650; 144 Ill. 628; 36 Minn. 147; 115 Mass. 190; 62 Tex. 344; 133 Mass. 121; 70 Tex. 496; 113 Penn. 162; 83 N. Y. 572; 50 Mo. 461; 102 Mass. 489.

Battle, J. Fannie Dooley brought this action against the St. Louis, Iron Mountain & Southern Railway Company to recover damages suffered by her from a fall through steps erected by the defendant over and across a fence constructed by it along its right of way; the injury being occasioned by the negligent failure of the defendant to keep the steps in repair. The defendant answered, disclaiming any right to or interest in the steps, and denying that it ever built the steps, or invited the public to use them, or that it ever undertook to keep them in repair, or that it was its duty to do so. The plaintiff recovered a verdict and judgment for $1,500. The defendant appealed to this court, and the judgment was reversed, and the cause was remanded for a new trial. *St. Louis, Iron Mountain & Southern Railway Company* v. *Dooley,* 70 Ark. 389. On a second trial plaintiff recovered a judgment for $750, and the defendant appealed to this court the second time.

The evidence adduced in the trial of the cause tended to prove the following facts:

The steps were built in the year 1891. The appellee was injured in 1897. In 1890 the railroad company built a fence along its right of way and across a dirt road that had for many years been used as a public highway, and until the fence was built. Bars were at first placed in the fence across the public road, and remained there for some time, and were finally removed, and a wire fence constructed instead. The wires were frequently cut and removed, and this continued until the steps were built across the fence where it closed what had been the public road. After this the public continued to use it, as it had before, as a public way for pedestrians, and to use the steps as a part of the way. The steps and footway were near to and in the vicinity of the town of Arkadelphia, in this State, and were of frequent use, and conduced much to the public convenience. The steps were repaired by appellant one, one and a half, two and three years, and as late as six months, before the accident. They were torn down and removed a short time after appellee was injured.

The court instructed the jury in the case, at the request of the plaintiff, as follows:

1. "If the jury believes from the evidence that the defendant built a fence along the side of its tracks, and that there said fence crossed a road not a highway, the defendant built and maintained steps over said fence, and permitted the public to use the same in crossing said fence, then they are instructed that the building of said steps was an implied invitation to the public to use the same as a highway, and in that event it became the duty of the defendant to use reasonable skill and diligence in building and maintaining the same; and if you further find that the defendant failed to use such skill and diligence in the building and maintaining, and that by reason of such failure, and without fault on her part, plaintiff was, while passing over the said steps, thrown down and injured, you will find in her favor.

2. "The jury are instructed, as a matter of law, that if a railroad company builds and undertakes to keep in repair, for the accommodation of the public, an approach to a private crossing, it is liable for an injury resulting from a defect negligently

permitted to exist in said approach, though the crossing is not one that they were bound by statute to keep in condition; and although they may find that the defendant was under no obligation to build and maintain the steps in question, still if you find that it voluntarily undertook to do so, knowing that it was a crossing in common use by the public, it in effect invited the use of said steps by the public, and is responsible to persons so using the same for any injuries received by them, which result from a negligent construction and failure to keep in repair."

3. "If the jury believe from the evidence that the defendant built a fence along its track and across a road not a highway, that defendant erected or caused steps to be erected at the crossing of the fence and road, and by its continued course of conduct invited the public to cross its steps, then they are instructed that it was the duty of the defendant to erect and maintain the steps in a passable condition; and if it failed to do this, and plaintiff was injured by reason of such failure, and while she was in the exercise of due caution on her part, then you will find in her favor."

And instructed them at defendant's request, in part, as follows:

"The court instructs the jury that if they find from the testimony in this case that the steps on which plaintiff claims to have received her injury, over defendant's fence, were not at a public crossing, but that the same was a mere private way which defendant had suffered to be used, then the plaintiff was a mere licensee on the defendant's premises, and the defendant owed her no duty to keep its steps and fences, or anything pertaining to said way, in repair, or in a safe condition, to prevent plaintiff or others using them being injured."

"The court instructs the jury that the fact that persons, for their own convenience, use a crossing in going to or returning from certain places, with the passive acquiescence of the railroad company, does not make the crossing a public one, or create any new duty on the part of the railroad company. In such cases, the company's only duty is to use ordinary care to avoid inflicting injuries upon the person using such crossing, and [it] is not liable for the mere negligent omission to keep such crossing in repair."

"The court instructs the jury that the occasional repairs of said steps, unless the same were kept up continuously and in such a way as to hold out to the public the invitation to use the same, and the implied agreement upon the part of the railroad that it was maintaining and keeping the same in repair, would not throw upon the company the obligation to keep them in repair, nor make them responsible for injuries resulting from their being out of repair; but in such case the plaintiff or others using them would do so at their own risk."

"The court instructs the jury that if they find from the testimony that the defendant did not construct the steps over the fence, and if it has not, by its conduct in continuously repairing the same, and keeping them in fix, assumed the obligation or held them out to the public as being for public use, then defendant is not responsible for the use of them on the part of the plaintiff.

"The court instructs the jury that the burden of proof is upon the plaintiff to establish the fact that the railroad company constructed said crossing, and assumed the obligation to the public to keep the same in repair; and unless the proof shows this by a fair preponderance of all the evidence, your verdict should be for defendant."

The bare permission of the owner of private grounds to persons to enter upon his premises does not render him liable for injuries received by them on account of the condition of the premises. But if he expressly or impliedly invites, induces or leads them to come upon his premises, he is liable in damages to them—they using due care—for injuries occasioned by the unsafe condition of the premises, if such condition was the result of his failure to use ordinary care to prevent it, and he failed to give timely notice thereof to them or the public. This principle is applicable to the case before us. If the appellant constructed the steps, and expressly or impliedly invited, induced or led persons to cross the same, it is liable in damages to them for injuries occasioned by the unsafe condition thereof, if it was the result of its failure to use ordinary care to keep the same in safe condition. If it was unwilling to incur this liability, it could have avoided it by removing the steps or giving timely notice of the condition to such persons or the public. *Bennett* v. *Railroad Co.,*

102 U. S. 577; *Sweeny* v. *Old Colony &c. Rd. Co.,* 87 Am. Dec. 644; *Stewart* v. *Penn. Ry. Co.,* 14 Am. & Eng. Rd. Cases, 679, 681; *Murphy* v. *Boston & A. Rd. Co.,* 133 Mass. 121; 18 Am. & Eng. Enc. Law, 1136, 1137, 1138, and cases cited.

The instructions of the court to the jury, construed together and with reference to the facts of the case, are substantially correct.

The court instructed the jury, in part, as follows:

"The court instructs the jury that the defendant railroad company was under no obligation at any time to build or maintain steps over the fence where plaintiff claims to have received her injuries. Nor were they under any obligation to keep the same in a state of repair, even if they originally built the same. You are, therefore, instructed that the defendant is not responsible for any injuries plaintiff may have received by reason of the defective condition of such steps, even if the same was due to the defendant's lack of attention to keep the same in repair."

Appellant objected to the giving of this instruction, and saved its exceptions. The objection should have been sustained. The instruction should not have been given. But, as it is obvious the jury did not follow it, and it was too favorable to appellant, it was not prejudicial; and as it should not have been given, the failure of the jury to follow it was also not prejudicial. *Ward* v. *Blackwood,* 48 Ark. 396.

Affirmed.