CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* PAYNE.

Opinion delivered April 15, 1912.

1. RAILROADS—LICENSEE ON TRACK.—One who is using a footpath upon a railroad's right-of-way for her own convenience, and not for any purpose connected with the business of the railroad, is a mere licensee. (Page 229.)

2. SAME—DUTY TO TRESPASSERS ON TRACK.—A railroad company is not liable to a trespasser or to a mere licensee on its right-of-way who is injured by reason of the defective condition thereof, in the absence of any express or implied invitation to such trespasser to be there. (Page 229.)

Appeal from Logan Circuit Court, Southern District; *Jeptha H. Evans*, Judge; reversed.

STATEMENT BY THE COURT.

Appellant, in order to drain its right-of-way, dug a ditch across a foot-path on its right-of-way that had been used by the public with appellant's permission for ten years. Appellant put piles of dirt in the roadway five or six feet wide and two or three feet high. The appellee on the night of the injury

had walked to church on the pathway, and had crossed over the piles of dirt, and noticed same. On her return she was afraid of getting hurt at the place where the dirt was piled, so she went down the railroad track till she got past where she thought the dirt was, but she was mistaken, and went down off of the railroad track on top of the dirt, and fell off the pile and was injured. The night was extremely dark, and there were no lights there.

Appellee sued appellant for damages on account of the injury, alleging that appellant was negligent in failing and refusing to level down the piles of dirt and in failing and refusing to place lights or other signals to warn appellee of the danger, and that appellee's injury was caused by such negligence. Appellant admitted that there was a trail on its right-of-way, but denied that it owed the public any duty to keep it clear of dirt. It admitted that for some considerable time there had been piles of dirt in the pathway, but denied that appellee was unaware of it, and denied that it owed her any duty to advise her of it. Appellant alleged that if appellee was injured her injury was the result of her own negligence.

The court gave the following instructions on its own motion:

"If the public with the knowledge and acquiescence of the defendant used for a long time a road or path along, across and near its right-of-way, and with the knowledge, permission and acquiescence of the defendant was doing so at the time of the injury complained of, and if the defendant caused or allowed its servants to negligently deposit and leave in such road or path a large pile or large piles of dirt so as to make such road or path dangerous to persons using the same with due care, then if plaintiff was traveling along said road or path and using due care for her own safety, and was caused to fall and suffer injury by reason of such pile or piles of dirt in the road or path, if any, you should find for the plaintiff; otherwise you should find for defendant. The defendant is not an insurer of the safety of persons travelling along, across or upon its right-of-way and premises, and owes them no duty except not to wilfully or wantonly injure them unless such persons are invited or licensed by defendant to be there. In such latter

case it owes them the duty of exercising ordinary and reasonable care for their safety."

Also the following prayer of appellee:

"If the defendant permitted the public to use a road or pathway along and upon its right-of-way for a long period of time with its knowledge and acquiescence, and had not revoked such license, then the plaintiff, while travelling such road or pathway, would be there upon the implied invitation of the defendant, and it would owe to her ordinary care to prevent her from being injured while travelling such road or pathway."

The court refused to instruct a verdict for appellant.

Appellant duly reserved its exceptions to the rulings of the court, and duly prosecutes this appeal from a judgment in favor of appellee.

*Thos. S. Buzbee* and *Geo. B. Pugh*, for appellant.

1. The instruction given by the court on its own motion submitted the case to the jury upon the erroneous theory that appellee was a licensee upon the premises of appellant, and permitted them to find for her, even though she knew the pathway was rough and dangerous, etc., provided she was exercising due care while travelling along the pathway. There was, at most, no more than a passive license; but, even if appellee had been a licensee by invitation, she would not be entitled to recover if she knew of the obstruction and was thereafter injured by falling over it. 63 Ark. 427; 35 Am. Rep. 204.

2. Instruction 1, given at appellee's request, errs in charging the jury that if appellant permitted the public to use the road or pathway upon its right-of-way for a long period of time with its knowledge and acquiescence, etc., there was an implied invitation, etc. The mere use of the pathway by the public for its own convenience and benefit, without any benefit to appellant, even though continued for a long time, can not be said to be by invitation. 156 Mass. 426; 31 N. E. 128; 32 Am. St. 463; 3 Elliott on Railroads, § 1249; 8 Am. St. Rep. 611; 142 Mass. 296; 57 Ark. 16; 70 Ark. 389; 1 Thompson on Negligence, § 1015.

3. Appellee's injury was the result of her own negligence. 1 Thompson, Neg., § 1019.

4. If appellant had been permitting the public to use the

pathway, it nevertheless had the right to revoke the license and stop up the path. Having done so, if appellee had notice thereof or knew that dirt had been thrown up in it and a ditch cut across it, and thereafter attempted to use it, she did so at her own peril, and can recover nothing for her injury. 30 S. W. 504.

*Carmichael, Brooks & Powers,* for appellee.

1. Having obstructed the pathway with piles of dirt and cut a ditch across it, it was the duty of appellant to exercise such care and take such steps as were reasonably necessary to protect the public against injury. 96 S. W. (Ark.) 154; 54 Ark. 131; 15 S. W. 361, 362; 19 S. W. 428; 56 Ark. 132; 120 S. W. 1149.

2. If appellant permitted the public to use the road in such a way and for such a length of time as to render such use a permissive one, it is liable to appellee for injuries accruing to her while travelling such road, through the negligence of appellant, if, as the court instructed the jury, appellee was exercising ordinary care for her own safety. 89 Ark. 103; 115 S. W. 400, and authorities cited.

3. Appellee was not guilty of contributory negligence. 138 S. W. 467;

WOOD, J., (after stating the facts). The undisputed evidence shows that appellee was a mere or bare licensee. She was using the foot-path upon appellant's right-of-way for her own convenience, and not for any purpose connected with the business of appellant or for the common interest or mutual benefit of appellant and appellee. Appellant did no affirmative act to compel or induce appellee to use the foot-path upon its right-of-way. It merely acquiesced in such use by appellee and the public. Under such circumstances it can not be said that there was any implied invitation upon the part of appellant for the use of its right-of-way by appellee. Appellant therefore did not have to exercise ordinary care to make the pathway safe for appellee. As appellant had done nothing that could be construed as an invitation to appellee and the public to use its right-of-way for a foot-path, appellant was not negligent because, in draining its right-of-way, it failed to exercise ordinary care to make and leave the foot-path safe for appellee.

In *St. Louis, I. M. & S. Ry. Co.* v. *Dooley*, 77 Ark. 561-66, we said: "The bare permission of the owner of private grounds to permit others to enter upon his premises does not render him liable for injuries received by them on account of the condition of the premises." In *Arkansas & Louisiana Ry. Co.* v. *Sain*, 90 Ark. 278-85, we said: "To bare licensees railroad companies owe no affirmative duty of care, for such licensees take their license with its concomitant perils." *St. Louis, I. M. & S. Ry. Co.* v. *Ferguson*, 57 Ark. 16; *St. Louis, I. M. & S. Ry. Co.* v. *Tomlinson*, 69 Ark. 489; *Hobart-Lee Tie Company* v. *Keck*, 89 Ark. 122; *Little Rock & Fort Smith Ry. Co.* v. *Parkhurst*, 36 Ark. 371. See *Wright* v. *Boston & Albany Rd.*, 142 Mass. 296; *Plummer* v. *Dill*, 156 Mass. 426; 3 Elliott on Railroads, § 1249; *Galveston Oil Company* v. *Morton*, 8 Am. St. Rep. 611.

The cases of *St. Louis, I. M. & S. Ry. Co.* v. *Dooley*, 77 Ark. 561, *supra; Mo. & North Ark. Rd. Co.* v. *Bratton*, 85 Ark. 326, and *Moody* v. *St. Louis, I. M. & S. Ry. Co.*, 89 Ark. 103, relied upon by appellee, do not support her contention.

As we have seen, the opinion in *St. Louis, I. M. & S. Ry. Co.* v. *Dooley* recognizes the rule here announced, and in that case the judgment was sustained because there was evidence to warrant the finding that the railway company had invited the plaintiff to use the defective steps that caused her injury. The steps were erected by the defendant for the use and convenience of the public, and had been kept in repair by it to a period "as late as six months before the accident."

In *Missouri & North Ark. Rd. Co.* v. *Bratton, supra,* Bratton had just debarked from the train as a passenger, and was going along the track where passengers had been accustomed to go since the road was built. The roadbed and dump extended to a creek, and a bridge over the creek extended part of the way on the dump of appellant's road. In that case we said: "The jury therefore were warranted in finding that Bratton was on the track of appellant at least by sufferance, if not by implied invitation, and that he was not a trespasser." The facts were sufficient to warrant a finding that Bratton was using the track by implied invitation.

In the case of *Moody* v. *St. Louis, I. M. & S. Ry. Co.*, there was evidence tending to prove that the defendant com-

pany had obstructed the natural drainage of water from the street, causing it to overflow the sidewalk, which compelled footmen to use the railroad as a path for a number of years. The court excluded the evidence. In holding that the testimony was admissible, we said it would tend "to show that the public was using the railroad track as a highway by at least the implied invitation or permission of appellee" railway company. But in that case the railway company, by its affirmative act, had compelled the public for a number of years to abandon the sidewalk and to use its roadbed instead. In *Missouri & North Ark. Rd. Co.* v. *Bratton* and *Moody* v. *St. Louis, I. M. & S. Ry. Co., supra,* the plaintiffs were injured while on the railway track. Since the passage of the act of April 8, 1891, railway companies owe to persons on their tracks, whether there by invitation, or as licensees, or trespassers, the duty to exercise ordinary care to keep a lookout for them, but such act does not abolish their contributory negligence. *St. Louis S. W. Ry. Co.* v. *Dingman,* 62 Ark. 245; *St. Louis, I. M. & S. Ry. Co.* v. *Leathers,* 62 Ark. 235. The court, in using the particular language relied on by appellee in the above last mentioned cases, did not have in mind, and was not discussing, the duty of railway companies to persons off their tracks, but was passing on the question of whether or not the plaintiffs were trespassers, and whether or not their injuries were caused by their own negligence. The facts in the case at bar are entirely different from the facts in those cases.

The court erred in its instructions. The judgment is therefore reversed, and the cause is dismissed.