CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY
*v.* HARRISON.

4-6758                                      162 S. W. 2d 62

Opinion delivered May 25, 1942.

*Thos. S. Buzbee* and *John M. Harrison,* for appellant.

*L. Weems Trussell* and *Ed F. McDonald,* for appellee.

HOLT, J. Appellee, Mrs. Bessie Harrison, sued appellants to recover for personal injuries alleged to have

been received by her when she fell while walking along a footpath on appellants' right-of-way near Leola, Arkansas. She alleged in her complaint that while walking in said footpath she "tripped over the rubbish which had been placed in the path by the agents, servants and employees of the defendant company, and was thrown violently to the bottom of a deep ditch along said right-of-way, breaking her left leg" and otherwise sustaining injuries, all due to the negligent acts of appellants.

Appellants answered with a general denial and affirmatively pleaded contributory negligence and assumption of risk on the part of appellee.

A jury awarded Mrs. Harrison damage in the amount of $500. This appeal followed.

The evidence stated in its most favorable light to appellee, as we must do, is to the effect that at the time of the injuries complained of she lived about two miles from Leola, Arkansas. At about ten o'clock at night appellee, in company with five of her children and some neighbors, was returning to her home from a political meeting in the town of Leola. As she walked along a footpath on appellants' roadbed and right-of-way, and a few feet from the edge of its crossties, she stumbled upon a piece of metal partly buried in the edge of the footpath and fell some twenty-five feet down the embankment, breaking her left leg and otherwise sustaining injuries. It was a bright night and she could see where she was walking. Those in her party were walking single file, some in front of and some behind her, when she fell. Her husband discovered the piece of metal in the footpath the following morning. This path had been used by her and the public for about twenty years. Subsequent to her injuries, and about two weeks before the cause was brought to trial, appellants erected signs along this path warning the public that the path was on the private property of the railroad company and to "keep off." There was other testimony tending to corroborate appellee.

For reversal appellants earnestly argue that the court erred in refusing to direct a verdict in their favor

as requested in their instruction No. 1. This challenges the sufficiency of the evidence to support the verdict. It is our view that the court erred in refusing, at the conclusion of the testimony, to instruct a verdict for appellants.

Under the undisputed testimony in this case appellee was a bare licensee at the time she was injured and comes clearly within the rule announced in the case of *Chicago, R. I. & P. Ry. Co.* v. *Payne*, 103 Ark. 226, 146 S. W. 487, 39 L. R. A., N. S., 217. In that case the facts are, in effect, similar to those presented here. The footpath in that case had been used for more than ten years by the public. There this court said:

"The undisputed evidence shows that appellee was a mere or bare licensee. She was using the footpath upon appellant's right-of-way for her own convenience, and not for any purpose connected with the business of appellants or for the common interest or mutual benefit of appellant and appellee. Appellant did no affirmative act to compel or induce appellee to use the footpath upon its right-of-way. It merely acquiesced in such use by appellee and the public. Under such circumstances it cannot be said that there was any implied invitation upon the part of appellant for the use of its right-of-way by appellee. Appellant therefore did not have to exercise ordinary care to make the pathway safe for appellee. . . .

"In *St. Louis, I. M. & S. Ry. Co.* v. *Dooley*, 77 Ark. 561, 92 S. W. 789, we said: 'The bare permission of the owner of private grounds to persons to enter upon his premises does not render him liable for injuries received by them on account of the condition of the premises.' In *Arkansas & Louisiana Ry. Co.* v. *Sain*, 90 Ark. 278, 119 S. W. 659, 22 L. R. A., N. S., 910, we said: 'To bare licensees railroad companies owe no affirmative duty of care, for such licensees take their license with its concomitant perils.' *St. Louis, I. M. & S. Ry. Co.* v. *Ferguson*, 57 Ark. 16, 20 S. W. 545, 18 L. R. A. 110, 38 Am. St. Rep. 217; *St. Louis, I. M. & S. Ry. Co.* v. *Tomlinson*, 69 Ark. 489, 64 S. W. 347; *Hobart-Lee Tie Company* v. *Keck*, 89 Ark. 122,

89 S. W. 112, 116 S. W. 183; *Little Rock & Fort Smith Ry. Co.* v. *Parkhurst*, 36 Ark. 371. See *Wright* v. *Boston & Albany Rd.*, 142 Mass. 296, 7 N. E. 866; *Plummer* v. *Dill*, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463; Elliott on Railroads, § 1249; *Galveston Oil Company* v. *Morton*, 70 Tex. 400, 7 S. W. 756, 8 Am. St. Rep. 611.''

And in the recent case of *Chicago, R. I. & Pac. Ry. Co.* v. *McCauley*, 112 S. W. 2d 625 (not reported in the Arkansas Reports), this court again reaffirmed the rule announced in the Payne case. There this court said: ''Appellant had nothing to do with making the pathway, and did no affirmative act inviting her and the others to do so. The duty, therefore, did not rest upon appellant to exercise ordinary care to make the pathway safe for the use of appellee and others who made it. The most that appellant did was to acquiesce in the use of the pathway by appellee and others.''

Appellee relies strongly for affirmance of the judgment on the Dooley case, *supra*, and *Missouri Pacific Railroad Company* v. *English*, 187 Ark. 557, 61 S. W. 2d 445. An examination of these cases discloses a clear distinction between them and the instant case. In the Dooley case the railroad company had constructed and maintained some steps over a fence along its right-of-way, which were used by the public, and which had been allowed to become defective. In the English case the facts disclose that there was a footbridge more than thirty years old that had been maintained by the railroad company on its premises and which had fallen into disrepair. In these two cases, upon which appellee relies, there was an implied invitation to the public to use the property of the railroad company. Therefore, the duty was imposed on the railroad company to use ordinary care in maintaining the steps and bridge in question.

In the instant case, as has been indicated, the facts are entirely different. Here there was no implied invitation to appellee to use the footpath in question. She was using this footpath on appellants' right-of-way for her own convenience and for no purpose connected with the business of appellant or for the mutual benefit of her-

self and appellant. There is absent any affirmative act on the part of appellant to induce appellee to use the footpath in question.

For the error indicated, the judgment is reversed, and since the cause seems to have been fully developed, it will be dismissed.

MEHAFFY and HUMPHREYS, JJ., dissent.

The Chief Justice concurs.