Epps *v.* Remmel.

5-3139 373 S. W. 2d 141

Opinion delivered December 16, 1963.

*M. V. Moody,* for appellant.

*McMillen, Teague & Bramhall,* for appellee.

Sam Robinson, Associate Justice. Appellant, Edith Epps, filed this personal injury suit in the Pulaski Circuit Court alleging that she received bodily injuries when she stepped in a hole in the sidewalk which adjoins appellee's property on Main Street in Little Rock. Appellee, Remmel, answered denying the allegations of the complaint. Later, defendant filed a motion for a summary judgment. The trial court granted the motion, rendered a judgment in favor of the defendant, Remmel, and the plaintiff, Epps, has appealed.

One of the grounds for the granting of a summary judgment is that there is no genuine issue as to a material fact. Ark. Stat. Anno. § 29-211 (Repl. 1962).

Ark. Stat. Anno. § 19-3806 (Repl. 1956) gives cities of the first class the power to require by ordinance, resolution, or order, that owners of property abutting on its streets build, maintain and repair sidewalks. It is said that Little Rock has such an ordinance, and to give appellant the benefit of any doubt on that point, in this case, we will assume that there is such an ordinance.

The allegations in the complaint that must be considered in determining whether the trial court was correct in rendering a summary judgment are as follows:

"Plaintiff alleges that at the time of the accident hereinafter described the sidewalk hereinbefore mentioned was out of repair and in an unsafe and dangerous condition for the passage of pedestrians over it. .

"That on the 19th day of December, 1961, about 9:30 o'clock A.M. plaintiff was walking along said sidewalk in front of the property of defendant, and stepped and fell into a hole in said sidewalk and violently fell on said street, as a result of which she sustained the injuries hereinafter set out.

"That the negligence of the defendant consisted of the following: Carelessly and negligently and unlawfully leaving the holes in said sidewalk open and unprotected; that defendant knew or should have known the dangerous condition to the sidewalk; that defendant maintained a nuisance and a menace to those lawfully in and about the said street, and compelled to use said sidewalk; in failing and neglecting to cause the street to be made reasonably safe for persons passing along such street before the occurrence of the slipping and falling of plaintiff.

"That at all times hereinafter mentioned the said Main Street was and still is a public street in common use by the residents of said city and others. That the Arkansas Stats; 1947, provides that the owners of property shall rebuild, maintain and repair foot pavements pursuant to Section No. 19-3806-7."

In support of his motion for a summary judgment, appellee property owner filed an affidavit stating in

substance: That he inherited the property; that it was held in trust for him until he became 35 years of age in 1951, at which time the property was conveyed to him; that the sidewalk in front of the property is in the same condition as it was when he inherited the property; that he has not at any time had any demand or request from the city to do any maintenance or repairs on the sidewalk, and that he has done none. Appellant filed no response to the affidavit.

Assuming for the purposes of this decision that a city ordinance requires the property owner to repair the sidewalk adjoining his property and appellant failed to comply with the ordinance, still there would be no liability by the appellee property owner to the appellant solely by reason of his failure to make the repairs. It is said in Restatement, Torts, § 288, p. 761: ''Such ordinances [requiring adjoining property owners to repair sidewalks] are construed as creating a duty enforceable only by the municipality and do not subject such owners to liability for bodily harm caused to a wayfarer by their violations of the ordinances. See also, *Major* v. *Fraser,* 368 P. 2d 369; *Sternitzke* v. *Donahue's Jewelers,* 83 N. W. 2d 96; *Woods* v. *City of Palatka,* 63 So. 2d 636; *Vissman* v. *Koby,* 309 S. W. 2d 345; *Schaefer* v. *Lenahan,* 146 P. 2d 929. There is an exhaustive annotation on the subject in 88 A. L. R. 2d 340, citing dozens of cases supporting this rule.

Of course, if appellant had affirmatively done something to the sidewalk, thereby causing a dangerous or hazardous condition, there could be liability as was pointed out in *Arkansas Fuel Co.* v. *Downs,* 205 Ark. 281, 168 S. W. 2d 419. But, in the case at bar, appellee shows by his affidavit that nothing of that kind occurred, and appellant did not raise an issue on that point by filing a counter-affidavit.

If appellant contends that the condition of the sidewalk was caused by an affirmative act of the property owner, appellee's affidavit should have been controverted. By way of illustration, it is stated by Barron and Holtzoff, Federal Practice and Procedure, 1231 (we

have adopted Rule 56 of Federal Practice and Procedure, Ark. Stat. Anno. § 29-211 [Repl. 1962]): ''To take a simple example, if in an action on a promissory note, the defendant in his answer denies the making of the note; the plaintiff makes a motion for a summary judgment, accompanying it by an affidavit of a person who swears that he saw the defendant sign the note; and the defendant does not file an opposing affidavit, summary judgment should be rendered for the plaintiff. On the other hand, if the defendant files an affidavit to the effect that his purported signature is a forgery or that it was affixed by a person who was not authorized to do so, a genuine issue as to a material fact is created, and the case must go to trial.'' The court said in *United States* v. *Dollar,* 100 F. Supp. 881: ''The motion [for summary judgment] requires the opposition to remove the shielding cloak of formal allegations and demonstrate a genuine issue as to a material fact.''

From the record in this case it does not appear that there is a genuine issue of a material fact, and when the established law is applied to the facts as shown by the record, there can be no recovery. The trial court was, therefore, correct in sustaining the motion for a summary judgment.

Affirmed.