CALLIE L. WEBB *v.* TOM PEARSON JR. ET AL

5-4484                                    424 S. W. 2d 145

Opinion delivered February 19, 1968

*Lewis D. Jones* and *John E. Butt,* for appellant.

*Walter B. Cox, Putnam, Davis & Bassett* and *Charles W. Atkinson,* for appellees.

PAUL WARD, Justice. Callie L. Webb, appellant, was injured when she stepped on a grease spot on a board walkway. The walkway ran along the west side of, and was attached to, a building owned by Sonneman Trusts and in which Tom Pearson Jr. and Guy Pinkerton (also lessees) operate ''Razorback Bowling Lanes''—all appellees.

Appellant filed a complaint alleging, in essence, that: she slipped on a patch of grease, foreign to a public sidewalk, and fell, causing severe injuries; that defendants, being in complete control of the sidewalk, are guilty of negligence, viz, (a) in allowing the grease to be on the public sidewalk, (b) allowing the grease to remain on the sidewalk more than a reasonable period of time, and (c) allowing this dangerous situation to be created amounts to "wilful, wanton and malicious conduct toward the general public, and more particularly toward the plaintiff". The prayer was for $28,000.

To the above complaint appellees entered a general denial, and then filed a Motion for a Summary Judgment.

The matter was presented to the trial judge on affidavits and, in granting the same, he made findings as follows: (1) Appellant was not a trespasser or an invitee, but was a mere licensee; (2) The walkway was on the private property of Sonneman Trusts who owed appellant no duty other than to be free of wilful and wanton misconduct; (3) Since the Razorback Bowling Lanes was only a lessee it owed appellant no duty other than to exercise due care not to do anything to cause her injury after her presence on the premises was discovered. The trial court then held there was no material issue of fact to be resolved, and, by Order, dismissed the complaint. From such Order appellant now prosecutes this appeal.

A review of the testimony, as applied to previous decisions of this Court, convinces us that the findings and the decisions of the trial court must be affirmed.

The essence of the pertinent testimony of appellant is: She asked Mr. Sonneman about a month before the accident for permission to park in the rear of his building, and it was orally granted, and that she paid him nothing; the public has been using the sidewalk for

years. The undisputed testimony of Sonneman is: The walkway in question is a part of his building, located entirely on private property and is not now and never has been a public walkway.

It is clear, from the undisputed portion of the record, that appellant, when injured, was on the private property of Sonneman Trusts and, this being true, she was a licensee. In the case of *Knight* v. *Farmers' & Merchants' Gin Company,* 159 Ark. 423, 252 S. W. 30, the rule is stated in these words:

> "In all of our decisions on the subject—and there are many—we have adhered to the rule that one who goes upon the premises of another as a mere licensee is in the same attitude as a trespasser so far as concerns the duty which the owner owes him for his protection; that he takes the license with its concomitant perils, and that the owner owes him no duty of protection except to do no act to cause his injury after his presence there is discovered."

The above quotation was copied and approved in *Garrett* v. *Arkansas Power & Light Company,* 218 Ark. 575 (p. 586), 237 S. W. 2d 895.

In this case there is no evidence nor even any contention that appellant was injured because of any wilful or wanton negligence on the part of either of the appellees. In *Cato* v. *St. Louis Southwestern Railway Company,* 190 Ark. 231 (p. 233), 79 S. W. 2d 62, there appears the following pertinent statement:

> "'Whether he be called a trespasser or licensee, the same rule of law applies, and that is that the only duty owing to him was not to wilfully or wantonly injure him and to exercise ordinary care under the circumstances to avoid injury to him after discovering his peril."

There is, of course, no contention here by appellant that either appellee saw her on the walkway before she was injured.

Affirmed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the result reached by the-majority in this case and in the rules of law applied by the majority on the question of appellees' liability if appellant's injury were suffered on their property. I do not agree, on the record before us, that it is undisputed fact that appellant, when injured, was on the private property of Sonneman. Assuming that appellant was on public property at the time of her injury, however, I find no allegation or assertion by appellant that would make appellees liable to her. Appellant alleged that appellees were in complete control of the sidewalk and were negligent in allowing a deposit of grease and foreign materials to be present on the walk and to remain there, without warning, for longer than a reasonable period of time. She asserted that this was a breach of reasonable care in keeping and maintaining a clear and unobstructed sidewalk for the general travelling public. In opposing the motion for summary judgment, appellant's affidavit made no mention of any affirmative act on the part of appellees that caused the condition. Nor is there any statement in any pleading, affidavit or deposition that appellees owned the barrels, placed them on the sidewalk, or knew of the condition which existed. Nor is it stated that the condition had existed for a sufficient period of time to justify an inference that appellees knew of the presence of the grease and foreign matter. As a matter of fact, appellant testified that she did not see any foreign substance on the sidewalk before she fell. She stated that after she fell, she discovered a greasy liquid on the sidewalk which had seeped from the bottom of some trash barrels on the walk.

A summary judgment has been affirmed by this court in a strikingly similar case. *Epps* v. *Remmel*, 237 Ark. 391, 373 S. W. 2d 141. In addition to allegations virtually parallel to those of appellant here, the plaintiff-appellant there relied on an allegation that a city

ordinance required the property owner to maintain and repair the sidewalk. While this court recognized that there could be liability if the defendant-appellee had affirmatively done something which caused a dangerous or hazardous condition, the court found that there was no such issue in the case. Furthermore, it was held that even a violation of the ordinance did not subject the owner to liability for bodily harm to one using the sidewalk. Since no affirmative act on the part of appellees is suggested by any pleading, affidavit or deposition in the record, I would affirm this judgment on the authority of the above case.