Wilbur COLEMAN *v.* UNITED FENCE COMPANY
and GRAY SUPPLY COMPANY, INC.

84-48

668 S.W.2d 536

Supreme Court of Arkansas
Opinion delivered May 7, 1984
[Rehearing denied June 11, 1984.]

*James E. Smedley,* for appellant.

*Hall, Tucker & Lovell,* for appellee United Fence Company.

*Wright, Lindsey & Jennings,* for appellee Gray Supply Company, Inc.

RICHARD B. ADKISSON, Chief Justice. Appellant, Wilbur Coleman, was injured when he stepped in a post hole dug on property owned by appellee, Gray Supply Company, Inc.

Appellant had parked his car on appellee's land without permission and had left the car there for approximately two weeks. Subsequently, Gray Supply Company, Inc. contracted with appellee, United Fence Company, to construct a fence on the property. United Fence Company dug post holes and sent word to appellant requesting that he remove his car. When appellant arrived to push his car off the property, he stepped in a post hole and incurred injury to his back. The Pulaski County Circuit Court directed a verdict for both appellees, ruling that the evidence failed to establish that appellant was anything other than a trespasser and that there was no proof of willful or wanton conduct on the part of appellees. We affirm.

Appellant first argues that he was an invitee, not a trespasser or licensee, because others in the neighborhood had parked cars on the property and because appellee, United Fence Company, in asking him to move his car, had "invited" him onto the property. A trespasser is one who comes upon land without the consent of the possessor. A licensee is a person who comes upon the land with a privilege arising from the consent of the possessor. An invitee is one induced to come onto property for the business benefit of the possessor. W. Prosser, Law of Torts § 58 (4th ed. 1981) See also *Holiday Inns, Inc.* v. *Drew,* 276 Ark. 390, 398, 635 S.W.2d 252 (1982).

Appellant argues that because appellee requested him to move his car, he became something other than a trespasser. However, it is undisputed that he was a trespasser when he parked his car on the property because of the Arkansas rule that the mere acquiescence by a landowner in the public use of private land does not amount to an implied invitation of use. *Chicago, R.I. & P. Ry. Co.* v. *Harrison,* 204 Ark. 361, 162 S.W.2d 62 (1942). Appellant's abandonment of his car on appellee's property resulted in a continuing trespass on appellee's property. W. Prosser, supra, § 13. The general rule is that the possessor of land is not liable for injury to trespassers caused by his failure to exercise reasonable care to put his land in a safe condition for them. Restatement (Second) of Torts § 333 (1965). There is no evidence here to support appellant's claim that he was an

invitee; therefore, appellant owed him no duty to maintain his property in a safe condition. Accordingly, we conclude the trial court did not err in directing a verdict for appellees.

Appellant urges this Court to abolish our long-settled distinction between invitee, licensee, and trespasser which we decline to do.

Affirmed.

PURTLE, HAYS and HOLLINGSWORTH, JJ., dissent.

STEELE HAYS, Justice, dissenting. The majority concludes the appellant was a trespasser as a matter of law because he parked his car on the property of Gray Supply Company, Inc., without permission. But that does not give due regard to the fact that United Fence sent word to appellant to come and move his car, and while that would not elevate appellant to the status of an invitee, it does, I believe, create an issue of fact as to whether appellant was a licensee and, hence, entitled to a somewhat different standard of care than is owed to an undiscovered trespasser. Prosser, Law of Torts, Fourth Ed., § 60, p. 376.

In *Webb* v. *Pearson*, 244 Ark. 109, 424 S.W.2d 145 (1968), we said there was no difference between the duty owing to a licensee and a trespasser and a directed verdict was properly granted against a licensee who slipped on a grease spot on Pearson's walkway. That was the correct result in that case, because an owner or occupier of land owes no duty to a licensee (as he does to an invitee) to inspect the premises to be certain they are safe, and there was no proof that Pearson knew, or should have known, a dangerous condition existed. See Prosser, Id. § 60 at p. 380. But here we have a different situation. United Fence dug holes near the vehicle large enough for a man to step in and left them with no warning signs or markings, at the same time notifying appellant to come onto the property to move his car. The language approved in *Garrett* v. *Arkansas Power & Light Co.*, 218 Ark. 575, 237 S.W.2d 62 (1951) is appropriate here:

In all of our decisions on the subject — and there are

many — we have adhered to the rule that one who goes upon the premises of another as a mere licensee is in the same attitude as a trespasser so far as concerns the duty which the owner owes him for his protection; that he takes the license with its concomitant perils, and that the owner owes him no duty of protection *except to do no act to cause his injury after his presence there is discovered.* (Emphasis supplied.)

Appellant, whether a licensee or a discovered trespasser, was entitled to enter the property free of dangers created by United Fence Company which he might not be expected to anticipate. Giving that proof its highest probative value [*Farm Bureau Mutual Ins. Co.* v. *Henley*, 275 Ark. 122, 628 S.W.2d 301 (1982)] an issue for the jury arises as to appellant's status, and whether United Fence breached a duty owed to him. I would reverse as to United Fence. [See *De Vazier* v. *Whit Davis Lumber Company*, 257 Ark. 371, 516 S.W.2d 610 (1974).]

PURTLE and HOLLINGSWORTH, JJ., join in this dissent.