Brad J. GUTHRIE *v.* Samuel Joseph KEMP

89-208                                        793 S.W.2d 782

Supreme Court of Arkansas
Opinion delivered July 16, 1990
[Rehearing denied September 10, 1990.*]

*Price, J., not participating.

*Boswell, Tucker & Brewster,* by: *Ted Boswell,* for appellant.

*Rose Law Firm, A Professional Association,* by: *Phillip Carroll,* for appellee.

JACK HOLT, JR., Chief Justice. This is a personal injury case and a companion case to *Aluminum Company of America* v. *Guthrie,* 303 Ark. 177, 793 S.W.2d 785 (1990) (Aluminum Company of America appealed a 1.1 million dollar jury verdict in favor of Guthrie). The appellant, Brad Guthrie, contends that the trial court erred in granting the motion for summary judgment of the appellee, Samuel Kemp, on the basis that there were genuine issues of material fact for the jury to decide.

We disagree and affirm.

Guthrie initially filed suit against Aluminum Company of America (Alcoa) for injuries that he alleged were sustained as the result of a fall from a bridge owned by Alcoa, and the jury awarded him $450,000. On appeal, however, that verdict was reversed and remanded to the trial court. *ALCOA* v. *Guthrie,* 296 Ark. 269, 753 S.W.2d 538 (1988).

On July 18, 1988, the same day this court delivered its opinion in *ALCOA* v. *Guthrie, supra,* Guthrie filed suit against Kemp, who was Alcoa's Chief of Security on July 21, 1985, the date of Guthrie's injuries. Subsequently, the trial court consolidated this case, upon Guthrie's request, with *ALCOA* v. *Guthrie, supra.*

The trial court granted summary judgment in favor of Kemp on December 30, 1988; the retrial on *ALCOA* v. *Guthrie, supra,* was held January 3 through January 6, 1989.

Guthrie's sole point of error on appeal is that the trial court erred in granting Kemp's motion for summary judgment.

Summary judgment, like a mistrial, is an extreme remedy. It will be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law. Ark. R. Civ. P. 56(c). The burden of proving that there is no genuine issue of material fact is upon the party moving for summary judgment, and all proof submitted must be viewed in a light most favorable to the party resisting the motion. Any doubts and inferences must be resolved against the moving party. *Pinkston* v. *Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988).

Guthrie contends that he was severely injured when he fell from a bridge owned by Alcoa. The circumstances of his injuries were developed in *ALCOA* v. *Guthrie, supra*:

> Guthrie and two friends went to Lost Lake after dark. One friend got in the water to swim, but the other friend summoned her back to the bank and told her Guthrie had left and they should look for him. The three had been drinking, but the amount, and whether Guthrie was drunk when the accident occurred is disputed. The two friends searched the area briefly and then left in their car. They found Guthrie on the pavement of a highway directly beneath the bridge owned by Alcoa. Others had noticed him lying there, and had summoned medical aid.

> Guthrie sustained injuries to his spine requiring surgery and a long rehabilitation period. He had no memory of the incident. No one saw him immediately before it happened. Some witnesses who stopped at the scene testified they concluded he had fallen from the bridge. When he was found, he was directly below an opening where grates were missing from the bridge structure. Guthrie's theory is that he was walking along the bridge in the darkness and fell some twenty feet to the pavement below because he was unable to see that the grates were missing. The bridge was formerly a railroad bridge. The tracks had been removed, and Alcoa used it to support a water line connecting its property on either side of the bridge. The grates, some of which were missing, formed a sort of walkway beside the place where the tracks had been.

In his complaint, Guthrie alleged that Kemp, as Chief of Security for Alcoa, was negligent in failing to post warning signs and "No Trespassing" signs on the roadway that went from Lost Lake to the railroad dump, in failing to erect barricades to prevent pedestrians from entering upon the railroad dump from

Lost Lake and from entering upon the walkway of the bridge, in failing to replace the steel grates on the bridge after they had been removed or stolen, in failing to use ordinary care for the safety of pedestrians on the walkway crossing the railroad bridge, and in failing to supervise agents, servants, or employees of Alcoa directly under his control and chain of command.

Rule 56(c) provides in pertinent part as follows:

. . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

In this case, Kemp's motion for summary judgment was supported by the affidavit of his immediate supervisor and by his own sworn testimony from the first trial.

Kemp's supervisor stated in her affidavit that Kemp's principal duties were to maintain a plant protection program to discourage theft or damage to Alcoa's property, to coordinate a fire prevention program, to administer an effective custodial service, and to perform administrative functions concerning the worker's compensation program for plant personnel. Although Kemp supervised twelve security officers and nine janitors at Alcoa's Arkansas operation, which consists of approximately 8,000 acres of land, he did not have responsibility for the maintenance or repair of structures on Alcoa's lands. In fact, the Production Manager had the overall responsibility for the repair and maintenance of the bridge involved in this case.

Additionally, Kemp stated that he was not aware that anyone other than Alcoa employees had been on, or near, the bridge prior to the date of Guthrie's accident. He was also not on duty when the accident occurred.

Ark. R. Civ. P. 56(e) addresses the defense required for a motion for summary judgment and provides in pertinent part as follows:

. . .When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may*

*not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him.

(Emphasis added.)

■ Guthrie did not file opposing affidavits, although he did respond to Kemp's motion for summary judgment by filing a memorandum brief that made reference to various portions of the records of the previous trial. Although affidavits for summary judgment are construed against the moving party, once the movant makes a prima facie showing of entitlement the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Pruitt* v. *Cargill, Inc.*, 284 Ark. 474, 683 S.W.2d 906 (1985).

■ In light of Kemp's proof that he was not responsible for the maintenance or repair of the bridge in question and that he had no knowledge of any use of the bridge in question by anyone other than Alcoa employees, Kemp has made a prima facie showing of his entitlement to a summary judgment.

■ Guthrie does not dispute any of the facts in Kemp's supervisor's affidavit or Kemp's own testimony and also fails to set forth any specific facts, as proscribed in rules 56(c) and 56(e), showing that there is a genuine issue for trial. Therefore, Guthrie has not met his burden of going forward with opposing proof showing a genuine issue as to a material fact.

As a result, the summary judgment entered against Guthrie is affirmed.

PRICE, J., not participating.